Cropsey v. Wiggenhorn.

ANDREW J. CROPSEY, PLAINTIFF IN ERROR, v. E. A. WIG-
GENHORN, DEFENDANT IN ERROR.

**Practice:** VERIFICATION OF PLEADINGS. An agent having in his posses-
sion, as such agent or attorney, a written instrument for the payment of
money only, may verify a pleading when such instrument constitutes the
substantive cause of action, whether the relief sought is at law or in
equity.

———: APPEARANCE. A defendant may appear specially to object to the
jurisdiction of the court, but if, by motion or other form of application
to the court, he seeks to bring its powers into action, except on the ques-
tion of jurisdiction, he will be deemed to have appeared generally.

———: ———. The jurisdiction of the court attaches to the defendant,
when he is legally served with summons, without regard to the defects
contained in the petition.

———: ———. The voluntary appearance of a defendant, is a waiver of all
defects in the summons.

———: MOTION FOR A NEW TRIAL. To entitle a party to a review of any
alleged errors transpiring upon the trial of a cause, a motion for a new
trial must be made distinctly setting forth the errors complained of.

Preston v. Wells, Fargo and Co. Appendix.    Porter v. Chicago and
Northwestern Railway Co., 1 Neb., 14.    Johnson v. Jones, 2 Neb., 136.    The
Midland Pacific Railway Co. v. McCartney, 1 Neb., 404; and Mills v. Miller,
2 Neb., 317, cited and approved.

This was a petition in error from the district court of
Saunders county.    Plaintiff in the court below had judg-
ment, and one of the defendants, Andrew J. Cropsey,
brought the cause here.    The case is fully stated in the
opinion of the court.

*Seth Robinson,* for plaintiff in error, after stating the
case, contended:

*First.* The code authorizes the amount claimed by
the plaintiff to be endorsed on the summons in actions
for the recovery of money only, but in no other case.
*Code of Civil Procedure, sec. 64.*

*Second.* An action to foreclose a mortgage, or for any
relief, except a mere judgment for money, is not an action

for the recovery of money only; and if in such an action the amount claimed by the plaintiff be endorsed on the summons, it is irregular and calculated to mislead the defendant, and a judgment by default will not be rendered, or if rendered will be reversed. *Watson v. McCartney*, 1 *Neb.*, 131. *Nash's Pleading and Practice*, 781, 782, 783.

*Third.* Nor did the defendant, Cropsey, waive this defect in the process by making a special appearance for the purpose of moving to strike the petition from the files for a defect in the verification. The rule is this: If the defendant does anything, or takes any step in the case which can be fairly construed into an admission that the case is properly in court, he will be held to have waived not only defects in the process, but the process itself. *Schaefer v. Waldo*, 7 *Ohio State*, 309. *Evans v. Iles, Id.*, 233. *Ulmer v. Hiatt*, 4 *G. Greene*, 439. *Allen v. Lee*, 6 *Wis.*, 478. *Schell v. Leland*, 45 *Missouri*, 289. *Lampley v. Beavers*, 25 *Ala.*, *N. S.* 535. *Frazier v. Resor*, 23 *Ill.*, 88. *Abbott v. Semple*, 25 *Ill.*, 107. *Johnson v. Buell*, 26 *Ill.*, 66.

*Fourth.* A motion to strike the petition from the files for defective verification, properly guarded by a special appearance, so far from being expressly or by implication an admission that the case is properly in court, strikes at the foundation of the action, and if sustained a new summons must issue, and so the whole case falls to the ground, summons and all. *Code of Civil Procedure, Sec.* 62, 112. *Nash's Pleading and Practice*, 99. *Stevens v. White*, 1 *Western Law Monthly.* And the true test is, that if the objection of the defendant be of such a nature that, if sustained, new process must issue before the court can properly proceed to render judgment in the case, then a special appearance for the purpose of making that objection is not a waiver of defective process.

*Fifth.* The motion to strike the petition from the

files ought to have been sustained. It was patent on the record that the petition was not founded on a written instrument for the payment of money only, but upon a mortgage which was sought to be foreclosed. *Watson v. McCartney,* 1 *Neb.,* 131.

*Sixth.* No judgment for money was asked, nor could properly be rendered; and in the absence of any averment in the affidavit of verification, showing that the case is one where the attorney of the party may properly verify, it cannot be presumed.

*Seventh.* The attorney's authority to verify is specially restricted to certain instances named, and he may verify when and because the pleading is founded upon a written instrument for the payment of money only, which is in his possession, not simply when he may see fit to swear it is so founded. The averment that the instrument is one for the payment of money only is not a traversable averment, but only that it is in the attorney's possession. The court must judge the character of the instrument.

*Eighth.* Without express statutory enactment, it is beyond the power of a court of equity to make any other decree on a bill for the foreclosure of a mortgage, than that of strict foreclosure; that is, that the mortgagor, unless he redeem within a fixed time, be forever barred of redeeming. The power to decree a sale of the mortgaged property (unless provided for in the mortgage), or to render a judgment for the amount secured, or for the deficiency, whether before or after sale, does not exist except by statute. *Adams' Equity,* 308. *Dunkley v. Van Buren,* 3 *Johns. Ch.,* 330. *Riley v. McCord,* 24 *Missouri,* 365. *Downing v. Palameeter,* 1 *Monroe,* 66. *Burr v. Beers,* 24 *New York,* 178.

*Ninth.* And for this reason a judgment in a suit for a foreclosure for the amount due, unless authorized by statute, as in Ohio and Iowa, is erroneous and void.

*Carleton v. Byington*, 24 *Iowa*, 172.    Authorities above cited.

*Tenth.*    A judgment void for want of jurisdiction or for any reason, may be reversed.    *Evans v. Iles*, 7 *Ohio State*, 233.    *Capron v. Van Noorden*, 2 *Cranch*, 126. But this judgment is not void.

*Wilson and Sprague*, (with whom was *T. M. Marquette*), for defendant in error.

I.    The errors complained of in said assignments, if errors at all, have been waived by appearing and moving the court to strike the petition from the files.    *Bank of Valley v. Bank of Berkley*, 3 *West Va.*, 386.    *Marsden v. Soper*, 11 *Ohio State*, 503.    *Brown v. Webber*, 6 *Cush.*, 560.    *Porter v. Chic. & N. W. Railway Co.*, 1 *Neb.*, 14.    *Ulmer v. Hiatt*, 4 *G. Greene*, 439.    *Campbell v. Swasey*, 12 *Ind.*, 70.    The summons is not void and may be amended.    *Nash's Pleading*, 117.    *Patterson v. The State*, 10 *Ind.*, 296.

II.    The foundation of a suit to foreclose a mortgage on real estate, given to secure a promissory note, is the note itself.    *Chick v. Willetts*, 2 *Kan.*, 384.

III.    There is no reason why he should not have the same right to verify a pleading founded upon a promissory note secured by mortgage, as he would have to verify a pleading founded on a promissory note alone.    *Smith v. Rosenthal*, 11 *How. Practice R.*, 442.    *Boston Locomotive Works v. Wright*, 15 *How. Practice R.* 253.

IV.    The fact that a personal judgment was rendered, as well as a decree to sell the mortgaged property, is waived    *McCarthy v. Garraghty*, 10 *Ohio State*, 438.

V.    There is no personal judgment rendered against plaintiff in error, and if there was, there is no showing

that it was prejudicial to him. *Ohio Life Insurance and Trust Co. v. Gibbon* 10 *Ohio State*, 557.

. MAXWELL, J.

On the first day of March, 1872, Major C. Long executed and delivered to the defendant in error a promissory note for the sum of twenty-five hundred dollars payable in one year from the date thereof, with interest from maturity at the rate of twelve per cent per annum, and to secure the payment thereof, Long. and wife executed and delivered to the defendant in error, a mortgage on the east half of lot twelve in block twenty-four, in that part of Ashland, known as Flora City. The mortgage was duly recorded on the eighth day of March, 1872. On the thirty-first day of October, 1872, Long and wife conveyed the premises, subject to the mortgage, to Edward B. Woodbury. On the eighteenth of March, 1873, Woodbury conveyed the premises to plaintiff in error. Suit to foreclose the mortgage was commenced in the district court of Saunders county on the first day of · April, 1873. Major C. Long, Caroline Long, and the plaintiff in error were made defendants. Summons was issued and served on the defendants. On the 24th of April, 1873, the defendant filed the following motion:

"And now comes the defendants by Seth Robinson, their attorney, and appearing specially for this motion, and not for any other purpose, and move the court here to order that the petition in this cause be struck from the files, on the ground that the affidavit of verification of said petition is insufficient and defective in this, to-wit: that said affidavit is made by the attorney for the said plaintiff, whereas it should have been made by the defendant himself; that no sufficient reason is shown in said affidavit, why the same is not made by the said plaintiff, or why the same is made by plaintiff's attorney."

The verification of the petition is as follows:

STATE OF NEBRASKA, ⎫ ss.
    Saunders county. ⎭

T. B. Wilson being sworn says, he is one of the attorneys of the above named E. A. Wiggenhorn, the plaintiff herein, duly authorized in the premises, that the above pleading of E. A. Wiggenhorn, is founded upon a written instrument, for the payment of money only, and is now in the possession of this affiant, and that the facts and allegations in the foregoing pleading of E. A. Wiggenhorn are true as affiant believes.

T. B. WILSON.

At the May term, 1873, of the district court in Saunders county, after argument, the court overruled the motion, to which defendants excepted. A judgment was rendered for the amount claimed in the petition, and for the sale of the mortgaged premises to satisfy the same.

A petition in error is now filed in this court by Cropsey, one of the defendants in the court below, to reverse that judgment. The errors assigned are:

"*First.* That the summons in said action, served upon the said Andrew J. Cropsey, the plaintiff in error, was endorsed as follows to-wit: "amount claimed of the defendants by the plaintiff is $2500.00, and interest from March 1, 1873, at 12 per cent," whereas the action was for the foreclosure and sale of mortgaged premises, and not for the recovery of money only.

*Second.* That the summons served upon the said Andrew J. Cropsey, was endorsed with the amount claimed to be due, as in actions for the recovery of money only, whereas said action was for the foreclosure of a mortgage upon real estate.

*Third.* The said court erred in overruling the motion of the defendant in the court below, to strike the petition of the plaintiff from the files.

*Fourth.* The court erred in rendering judgment against the defendants, including the plaintiff in error, for the amount due on the note and mortgage described in the petition.

*Fifth.* The court erred in rendering judgment against the said Andrew J. Cropsey, the plaintiff in error, for the amount found due on the note and mortgage described in the petition of the plaintiff in the court below.

*Sixth.* That judgment was given for Wiggenhorn when it ought to have been for plaintiff in error."

Section 120 of the code provides, that when the affidavit is made by the agent or attorney it must set forth the reason why it is not made by the party himself. It can be made by the agent or attorney, only:

*First.* Where the facts are within the personal knowledge of the agent or attorney.

*Second.* Where the plaintiff is an infant or of unsound mind.

*Third.* Where the pleading to be verified is founded upon a written instrument for the payment of money only, and such instrument is in possession of the agent or attorney.

*Fourth.* Where the party is not a resident of, or is absent from the county. *General Statutes*, 543.

In the case of *Smith v. Rosenthal* 11 *Howard Pr.*, 442, tho court held, "that an affidavit of verification of a complaint on a promissory note, made by the attorney of the plaintiff, stating in addition to what is required in an affidavit of verification of the party, that he is such attorney, and that he has in his possession the note on which the action is brought, is a sufficient verification. *Treadwell v. Fasset*, 10 *Howard Pr.*, 184. *Wheeler v. Chasley*, 14 *Abbott*, 441.

But it is contended by the attorney for the plaintiff in

error, that this provision applies only to actions at law, and has no application to suits in equity.

Under the code " the distinction between actions at law, and suits in equity, and the form of all such actions and suits heretofore existing, are abolished, and in their place shall be but one form of action to be called a civil action." *General Statutes*, 524.

This abrogation of the forms of pleading, and the adoption of a uniform system of remedies in the courts, does not abolish the distinction between law and equity in the determination of causes, nor require that every cause of action shall be set forth in the same manner. Many cases occur in which courts of law and equity entertain concurrent jurisdiction. Judge Story, says: " the concurrent jurisdiction, then of equity, has its true origin in one of two sources; either the courts of law, although they have general jurisdiction in the matter, cannot give adequate, specific and prefect relief, or under the actual circumstances of the case they cannot give any relief at all. The former occurs in all cases where a simple judgment, for the plaintiff or for the defendant, does not meet the full merits and exigencies of the case, but a variety of adjustments, limitations, and cross claims are to be introduced, and finally acted on, and a decree, meeting all the circumstances of the particular case between the various parties, is indispensible to complete distributive justice." *Story's Equity Jurisprudence, Sec.* 76.

Section 429 of the code of civil procedure provides, that " judgment may be given for or against one or more of several defendants; it may determine the ultimate rights of the parties on either side, as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled." *General Statutes*, 596.

This section, derived from the practice of courts of equity, is also applicable, in many cases, in actions at law, and relief may be obtained under the code, in all cases

where it could be granted before either at law or in equity. The object of requiring pleadings to be verified by oath of the party, his agent or attorney, is to secure as far as possible, a correct statement of the cause of action or defense, and no greater proof is required of either party in consequence thereof. All fictitious issues are abolished. A party is required to set forth, in ordinary and concise language, his cause of action or defense, and his prayer for such relief as he thinks himself entitled to.

In this case we are asked to hold, that an attorney holding an instrument for the payment of money, where relief is sought in equity, cannot verify the pleading. We cannot give so narrow a construction to the code, and must hold, that in all cases an agent or attorney having in his possession, as such agent or attorney, such instrument for the payment of money, may verify a pleading, where such instrument constitutes the substantive cause of action, and this is true whether the relief is sought at law or in equity.

The question now arises, whether the appearance of the defendants in the court below was general or special. In the case of *Porter v. The Chicago and Northwestern R. R. Co.*, 1 *Neb.*, 14, the court held " that a defendant may appear specially to object to the jurisdiction of the court either over his person or the subject matter of the suit, but if by motion, or other form of application to the court, he seek to bring its powers into action, except on the question of jurisdiction, he will be deemed to have appeared generally." In *Johnson v. Jones*, 2 *Neb.*, 136, the court held, " that the jurisdiction of the court attached to the defendant, when he is legally served with summons, without regard to the defects contained in the petition."

The cases cited are decisive in this case, and we must hold, that the appearance of the defendants in the court below was a general appearance.

No objections were made to the summons in the court

below. It is not necessary to cite authorities to prove, that a voluntary appearance of a defendant is a waiver of all defects in the summons.

No motion for a new trial, or to vacate or modify the decree, seems to have been made in the court below. In the case of *The Midland Pacific Rail Road Co. v. McCartney*, 1 *Neb.*, 404, the court quoted approvingly the language of Judge Stewart in the case of *The State v. Swartz*, 9 *Indiana*, 221. "It is due to the lower court that its errors, if any, be pointed out there, so that it may retrace its steps while the record is yet under its control." And in the case of *Mills v. Miller*, 2 *Neb.*, 317, the court says: "Before a party is entitled to be heard here he must have exhausted his remedy in the court below. For that purpose he must have presented the several questions of law fairly and fully, and must have obtained an unequivocal ruling thereon. If dissatisfied with the ruling of the court, he may have an exception." *Vide Preston v. Wells, Fargo & Co., Appendix.*

This case is brought here on error. It is the duty of a party who feels himself aggrieved by a judgment of the district court, in all cases brought here on error, to take the necessary steps by motion, in such court, to set aside, vacate, or modify the judgment, distinctly setting forth the errors complained of, and excepting to such ruling on the motion as he may be dissatisfied with; he may then bring the matter here for review on his exceptions.

Mr. Justice Gantt concurring, the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.