Lichty v. Clark.

SAMUEL LICHTY, PLAINTIFF IN ERROR, v. JOHN W. CLARK, DEFENDANT IN ERROR.

1. **Landlord and Tenant:** NOTICE TO QUIT: EVIDENCE. A notice to quit, in an action of forcible entry and detention, in addition to that required by the statute, may be given in evidence by the plaintiff for the purpose of showing, in connection with other testimony, that he never recognized the defendant as a tenant.

2. **Where the Judgment** of a justice of the peace is reversed in the district court, the case stands for trial *de novo* in that court.

3. **Motion for New Trial.** In all cases of the trial of issues of
fact in actions at law in the district court, a motion for a new
trial must be filed and a ruling had thereon, to obtain a review
in the supreme court.

ERROR to the district court of Richardson county.
Tried below before WEAVER, J.

*Isham Reavis* and *E. W. Thomas,* for plaintiff in error.

*George P. Uhl* and *Amos E. Gantt,* for defendant in
error.

MAXWELL, CH. J.

This is an action of forcible entry and detention.
It appears from the bill of exceptions that in January,
1879, the plaintiff represented to a tenant of the de-
fendant that he had purchased from the defendant
Clark the north-east quarter of section five, township
one, range sixteen, in Richardson county, then in
possession of the tenant, and induced him to surren-
der the possession. Proceedings to oust the plaintiff
in error from the possession of the premises were in-
stituted before a justice of the peace in December,
1879, and judgment rendered in his favor. The dis-
trict court reversed the judgment of the justice and
rendered judgment in favor of the defendant in error.
The plaintiff herein brings the cause into this court
by petition in error. The first question to be deter-
mined is, did the district court err in reversing the
judgment of the justice of the peace?

On the trial of the cause before the justice the fol-
lowing letter was read in evidence:

"FALLS CITY, NEB., Monday, Jan. 27, 1879.

"J. W. CLARK, Esq., Cincinnati, Ohio—Dear Sir:
Mr. Smith (defendant's agent) asks me to write to
you. He has told you of Mr. Fox (the tenant) mov-

ing to his house and I moving where Fox lived. Smith asks if this is done as a dare to you, to which I answer emphatically—no. I have no means nor disposition to litigate. When you come west I will buy your claim or vacate. If you will not take my house in the trade I must ask time till April first before I am ready to buy. Should we fail in a bargain, I would sell you the Reavis claim which I now own, and try to rent the farm from you till I am able to buy. I want the farm if we can agree on the price. The piece of land suits me, and I hope to buy it out amicably; but as I said, I can't pay money until April first next.        " Truly yours,

" SAM. LICHTY."

To this letter Clark, on the twenty-eighth of March of that year, returned an answer, saying in substance that the letter from Lichty was the first intimation that he had received that Lichty had moved on to the farm ; that the farm had been in charge of one Smith, an agent of Clark, and that he had notified Fox (the tenant) in the fall of 1878 that he must surrender the possession of the farm in the spring of 1879, and asking Lichty to give his (Clark's) son possession of the place.    The plaintiff having introduced in evidence before the justice a notice to quit, served upon Lichty on the second of December, 1879, also offered in evidence a notice to quit, served upon him on the ninth day of June of that year, which was objected to as immaterial and irrelevant, and because one notice had already been introduced in evidence.    This evidence should have been received, not necessarily as a statutory notice, but as a part of the evidence on behalf of Clark, showing his conduct toward the plaintiff—whether in fact he recognized him as a tenant or refused to recognize him as such, and insisted throughout that he should vacate the premises.    The

Lichty v. Clark.

justice, therefore, erred in the exclusion of this testimony. The district court, therefore, did not err in reversing the judgment of the justice.

Did the court below err in rendering judgment for the defendant in error? When the judgment of a justice of the peace is reversed in the district court the case stands for trial *de novo*. And this seems to have been the course pursued in this case. The judgment of the district court is: " that the judgment of said justice of the peace be reversed, vacated, and set aside," and in continuation it is stated: " thereupon, both parties being in court by their respective attorneys, this cause came on further for hearing upon the proofs in this case, from which the court does find that the defendant Samuel Lichty is guilty of unlawfully withholding and detaining the premises in the complaint of the plaintiff described from the plaintiff John W. Clark. It is therefore considered," etc., the court rendering judgment of ouster and for restitution, " to all of which rulings, orders, findings, and judgment of the court the defendant then and there duly excepted." There is nothing in the record to show that the plaintiff in error excepted to the court proceeding to the trial of the case. He was entitled to a trial by jury, but this is a right that he could waive. But whatever the mode, here was a trial of issues of *fact*, and no motion for a new trial was made in that court. The alleged errors occurring on the trial in the district court therefore cannot be considered here. We have carefully examined the evidence, however, and find the judgment to be clearly right, and that the plaintiff in error, so far as appears from the record, has no right to the possession of the premises in question. The judgment of the court below must be affirmed.

JUDGMENT AFFIRMED.