Baldwin v. Foss.

if it had been supposed that the court did not possess it during the continuance of the term.

MOTION SUSTAINED.

CHARLES A. BALDWIN, PLAINTIFF IN ERROR, V. OSCAR L. FOSS, DEFENDANT IN ERROR.

1. **Error:** FINAL ORDER. An order of a district court requiring an attorney in an action to pay money alleged to have been collected by him into court "for the use of the plaintiff * * * and in default that execution issue therefor," is a final order and may be reviewed by proceedings in error.

2. ———: PRACTICE. The want of a bill of exceptions or a motion for a new trial is not sufficient to warrant a summary dismissal of proceedings in error.

3. **Attorney.** The right of an attorney to enter an appearance for a party in an action can be called in question only by the party himself.

MOTION to dismiss case brought up on error from Douglas county.

*G. W. Shields,* for the motion.

LAKE, CH. J.

The defendant in error moves the dismissal of this case, assigning therefor five several reasons, the *first* and principal one of which is, that the order of the district court brought here for review was not "final."

Referring to the record, we find that the order in question was made on motion of this defendant in error in a case wherein he was plaintiff and one Thomas Murry defendant, and several months after said case had been finally dismissed at his costs. There had also been a motion by

him for a vacation of the judgment of dismissal, which was denied. The object of the former motion was to require Baldwin, then the attorney of Foss, to pay into court, for his use, certain money claimed to have been collected by him from Murry in settlement of that suit.

The order complained of was, "that the said C. A. Baldwin pay into this court by the first day of the next June term, for the use of said plaintiff, the sum of $30.50, and in default that execution issue therefor." It will be seen that it directs the payment, unconditionally, of a definite sum of money within a specified time, on pain of its enforcement by a general execution. It completely fixes the rights of the parties to it, leaving nothing whatever for the court to do further in that regard. Freeman on Judgments, § 12. It was an order affecting a substantial right made in a special proceeding. Code of civil procedure, § 581. It was certainly a "final order," as we understand that term.

The *second* reason is, that there is no bill of exceptions; and the *third*, that no motion for a new trial was made. These two objections fall within the rule announced during the present term in the case of *Hollenbeck v. Tarkington, ante* p. 430, and are not sufficient to warrant a summary dismissal of proceedings in error. The right of the plaintiff to a decision of the questions presented by the petition in error does not depend upon either a bill of exceptions or a motion for a new trial.

The *fourth* reason of the motion is, that the cause "has not been properly nor diligently prosecuted in this court." And the *fifth*, that, "No summons in error has been issued or served herein." These two objections are completely answered by the record, which shows that, "The issuing and service of a summons in error is waived by the defendant in error," and his appearance entered by G. W. Ambrose, an attorney of this court, whose authority to act in the matter, although orally challenged by the attorney

now moving a dismissal, is not denied by Foss himself, by whom alone it can be called in question.

MOTION DENIED.