C. J. WHITE, PLAINTIFF IN ERROR, V. S. N. MERRIAM,
DEFENDANT IN ERROR.

1. **Appearance.** An appearance in a cause before final judgment by motion to correct the record of an interlocutory order, arguing the motion and procuring the correction, is a general appearance in the cause.

2. ———: A general appearance is a waiver of all objections to the manner of service of process.

ERROR to the district court for Otoe county. Tried below before POUND, J.

*D. T. Hayden* and *John C. Watson*, for plaintiff in error.

*Covell & Ransom*, for defendant in error.

REESE, J.

This action was commenced in the district court of Otoe county on the 24th day of July, 1877, for the purpose of quieting plaintiff's title to the land described in his petition. D. T. Hayden and J. C. Watson were the attorneys for the plaintiff. The parties were both non-residents of the state. Notice of the pendency of the action was given by publication. On the 10th day of April, 1878, a decree was entered in the cause quieting the title of the plaintiff.

On the 15th day of July, 1882, the defendant served notice on the plaintiff's attorneys of his intention to apply to the court for an order opening the judgment and allowing him to make his defense under the provisions of section eighty-two of the code of civil procedure, and on the 17th day of July, 1882, the motion for that purpose was filed in court, supported by the affidavit of the defendant and accompanied by his answer duly verified. On the 15th day of December, 1882, said motion came on for hearing in said court, and was sustained; the judgment and decree

were set aside, and the defendant was permitted to make his defense. In the journal entry of that date, the following recital was written: "Which motion is now taken up, argued by counsel for the respective parties hereto, and submitted to the court."

On the 25th day of April, 1883, said J. C. Watson and D. T. Hayden served notice on the defendant's attorneys that on that day, or as soon thereafter as they could be heard, they would apply to the court for an order striking out of the journal entry of December 15th, 1882, the above quoted recital, for the reason that they were false and untrue, and on the same day filed their affidavit denying any appearance in said cause. On the 26th day of April, 1883, said motion was heard by the court, and upon being submitted, was sustained and the entry corrected in accordance therewith, the journal entry reciting among other things that the cause came on for hearing upon the motion and affidavits filed by J. C. Watson and D. T. Hayden, esquires, attorneys for the said plaintiff, to have the journal entry of said date corrected so as to conform to the facts; that said motion was sustained by the court, to which the defendant excepted.

The plaintiff made no further appearance in the case.

On the 9th day of October, 1883, a trial was had to the court, the court finding in substance that the plaintiff held the legal title to and was in the possession of the land described in his petition, and was entitled to the relief prayed for. But that by virtue of the sale of said land for taxes by the county treasurer of Otoe county to the grantors of the defendant, and the subsequent payment of taxes thereon, under said sale, as alleged in defendant's answer, the defendant had a valid lien on said land for the amount of said taxes and interest, amounting to $311.00, and ordering the sale of the land to pay the same unless the plaintiff paid it, with interest and costs, within the time fixed by the decree.

The plaintiff now brings the cause into this court by pe-

tition in error, and insists that the court had no jurisdiction to make the order opening the original decree, as the service of notice on his attorneys in the cause was not sufficient under the statute; that the relation of attorney and client, as between plaintiff and his attorneys, ceased upon the rendition of the original decree, and that the notice should have been personally served on the plaintiff.

However that might be ordinarily, we think the record in this cause shows affirmatively that the relation of attorney and client did exist at the time of and subsequent to the service of said notice upon the plaintiff's attorneys. If it did not, then by what authority did they appear for him on the 26th day of April, 1883, and procure for him the correction of the record? The presumption is, they had authority. The plaintiff is not now questioning it, and he alone can do so. *Baldwin v. Foss*, 14 Neb., 455.

But if that relation had ceased, we think the appearance by the plaintiff for the purpose of correcting the record was a general appearance, and the jurisdiction of the district court cannot now be questioned. The appearance was not for the purpose of challenging the jurisdiction of the court, but for the purpose of invoking and calling into action the power of the court.

In the case of *Porter v. The Chicago and Northwestern Railway Company*, 1 Neb., 15, this court held that "if, by motion or by any other form of application to the court, he seek to bring its powers into action, except on the question of jurisdiction, he will be deemed to have appeared generally. Such application concedes a cause over which the court has power to act." See also *Cropsey v. Wiggenhorn*, 3 Neb., 116. *Crowell v. Galloway*, Id., 220.

The district court had jurisdiction over the parties. The decree entered therein was right, and must be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.