JOHN CRUTS, PLAINTIFF IN ERROR, v. JOHN W. WRAY, DEFENDANT IN ERROR.

1. **New Trial:** MOTION. The rule laid down in former decisions, that a motion for a new trial must be made in the court below in order to entitle a party to a review of the case by petition in error, where the alleged errors occurred upon the trial of the cause, adhered to.

2. **Replevin:** SPECIAL OWNERSHIP: DAMAGES. In an action of replevin where the verdict is in favor of the defendant, whose ownership is special by reason of a chattel mortgage or other lien, the measure of his damages in case a return cannot be had is the amount due him upon his lien, if within the value of the property as found by the jury. But such damages should in no case exceed the value of the property.

ERROR to the district court for Hitchcock county.

*Jennings & Starbuck,* for plaintiff in error.

*Lucas & Le Hew,* for defendant in error.

REESE, J.

This was an action of replevin. Plaintiff being defeated in the district court brings the cause into this court for review by proceedings in error. There was no motion for a new trial, and hence we cannot examine as to any of the alleged errors which occurred prior to the rendition of the judgment. This is fully settled by the adjudications of this court and must be adhered to. *Cropsey v. Wiggenhorn,* 3 Neb., 108. *Singleton v. Boyle,* 4 Id., 414. *Horacek v. Keebler,* 5 Id., 356. *Hosford v. Stone,* 6 Id., 380.

The verdict of the jury was as follows (omitting title of the case):

"We, the jury in this case, being duly empaneled and sworn, do find and say, that at the time of the commencement of this case the defendant had a special ownership and property in the horse in question to the amount of $78. That said defendant was and is now entitled to the immediate possession of said horse. That said defendant is entitled to recover of and from said plaintiff one cent damages for wrongful taking the same, and that said horse is of the value of $65."

The judgment, after reciting the verdict of the jury, was as follows:

" It is therefore considered by the court that the defendant have a return of the property taken on said writ of replevin, or in case a return of said property cannot be had, that he recover of said plaintiff a special ownership and property in said horse, assessed at $78, and his damage for withholding the same, assessed at one cent, and costs of suit, taxed at $27.18."

It will be seen that the judgment is for $13 more than the actual value of the property. Section 191a of the civil code provides that the judgment "shall be for a return of the property or the value thereof in case a return cannot be had, or the value of the possession of the same," etc. The true measure of damages is the value of the right of possession within the value of the property. The jury found the value of the possession to be $78. They also found the value of the property to be $65. This verdict complied with the requirements of section 191 of the civil code, and afforded all the *data* necessary upon which to render a correct judgment, which should have been for a return of the property, and in case a return could not be had then the value of the possession, which could not exceed the actual value of the property. *Welton v. Beltezore*, 17 Neb., 402. Wells on Replevin, § 593. *Jennings v. Johnson*, 17 Ohio, 154. *Sutcliffe v. Dohrman*, 18 Id., 186. *Coe v. Peacock*, 14 Ohio St., 187.

The judgment being excessive, it will be reversed, and a new trial ordered, unless the defendant enter a remittitur for all in excess of $65 within thirty days. In case such remittitur is filed, the judgment will be affirmed for that amount.

JUDGMENT ACCORDINGLY.

THE other judges concur.