## JOHN GAUGHRAN ET AL. V. MARY CROSBY.

[FILED SEPTEMBER 22, 1891.]

1. **Error of Proceedings:** MOTION FOR NEW TRIAL. In order to review the proceedings in the trial of an equity cause by petition in error, a motion for a new trial must be filed in the district court the same as in an action at law.

2. ———: ———. The failure to file such a motion is not sufficient grounds for dismissing the petition in error.

ERROR to the district court for Dakota county. Tried below before NORRIS, J.

*Jay Bros.*, and *C. L. Wright*, for plaintiffs in error.

*Spalding & Taylor*, and *John T. Spencer, contra*, cited, as to the proceedings in error: *Sch. Dist. v. Cooper*, 29 Neb., 433; *Phenix Ins. Co. v. Readinger*, 28 Id., 587; *Dunham v. Courtnay*, 24 Id., 627; *Harrington v. Latta*, 23 Id., 84; *Carlow v. Aultman*, 28 Id., 672; *Cheney v. Wagner*, 30 Id., 262.

NORVAL, J.

On the 15th day of March, 1888, one Hugh Gaughran, then a resident of Dakota county, died leaving his brothers and sisters, John Gaughran, Bridget Morf, Peter Gaughran, Mary Crosby, Catherine Leith, and Mat. Gaughran, his sole heirs at law. In January, 1888, Hugh Gaughran conveyed his real and personal property to the defendant, Mary Crosby, his sister.

The plaintiffs in error brought this action to set aside the deed to the real estate and the bill of sale of the personalty executed by said Hugh Gaughran in favor of said Mary Crosby, on the ground that the same were procured by fraud and undue influence exerted by the defendant.

6

Upon the pleadings and proofs the court found the issues in favor of the defendant, and dismissed the action. The plaintiffs prosecute error to this court.

The case is submitted on a motion to dismiss, and upon the merits.

The defendant in error moves to dismiss the petition in error for the reason that no motion for a new trial was filed in the district court. While it is indispensable that a motion for a new trial be made in the trial court, in order to entitle a party to a review by proceedings in error of the errors occurring at the trial, yet the failure to file such a motion is not sufficient ground for dismissing the petition in error, as the errors assigned may be based upon the pleadings and judgment, and this court will not, on a motion to dismiss, look into the record to ascertain if such is the case. (*Cheney v. Wagner*, 30 Neb., 262.) The motion to dismiss is therefore overruled.

No motion for a new trial having been filed in the district court, we are precluded from examining any of the alleged errors which occurred during the trial, or whether the evidence is sufficient to sustain the finding and judgment. (*Cropsey v. Wiggenhorn*, 3 Neb., 108; *Hosford v. Stone*, 6 Id., 380; *Cruts v. Wray*, 19 Id., 581.) Although this is an equity cause, in order to review the proceedings on error a motion for a new trial was as necessary to be presented to the district court as in an action at law. (*Carlow v. Aultman*, 28 Neb., 672.)

The transcript having been filed in this court more than six months after the judgment was rendered, the case cannot be treated as an appeal. As all the matters complained of in the petition in error relate to the proceedings during the trial, which we cannot consider for the want of a motion for a new trial, and the pleadings being sufficient to sustain the findings of the district court, its judgment is

AFFIRMED.

THE other judges concur.