MAY A. UPTON v. HENRY J. CADY ET AL.

FILED NOVEMBER 8, 1893.   No. 5950.

1. **Review on Error**: MOTION FOR NEW TRIAL: ASSIGNMENTS OF ERROR. One who desires to have reviewed, upon petition in error in this court, alleged errors occurring at the trial, is required to assign the rulings complained of to the trial court in a motion for a new trial.

2. **Error Proceedings**: FAILURE TO ASSIGN ERRORS: DISMISSAL. The failure to assign alleged errors as grounds for a new trial is not of itself sufficient reason for the dismissing of a petition in error by this court.

3. ——: ——: ——: PRACTICE. But whenever it appears, from an inspection of the record in any cause, that the petition in error presents no question of law or fact for review by this court, such cause will be considered as submitted on its merits and the judgment or decree affirmed.

ERROR from the district court of Douglas county. Tried below before DOANE, J.

*De France & Richardson*, for plaintiff in error.

*Wharton & Baird, contra.*

18

Post, J.

On the 15th day of May, 1891, the defendants in error commenced an action in the district court of Douglas county against the plaintiff in error, May A. Upton, and husband, to foreclose a mechanic's lien. The Patrick Land Company, which claimed an interest in the property described in the petition, was also made a defendant.

The plaintiff herein, Mrs. Upton, answered alleging ownership of the property and denying the other allegations of the petition. The Patrick Land Company filed an answer, in which it put in issue the cause of action alleged in the petition, set up a mortgage on the property executed by Mrs. Upton and husband, and prayed for a decree of foreclosure. On the 23d day of January, 1892, a final decree was entered directing the sale of the property in controversy for the satisfaction, first, of the lien of the plaintiffs below; and, second, the mortgage of the Patrick Land Company. On the 20th day of January, 1893, Mrs. Upton filed a petition in error in this court by which she seeks a reversal of the decree of the district court on the following grounds:

1. The court erred in admitting the evidence of C. P. Simmons to which plaintiffs at the time objected.

2. The finding and decree are not sustained by the evidence.

3. The judgment and decree are contrary to the law and the evidence.

We are now asked to dismiss the petition in error for the reason that the alleged errors were not called to the attention of the district court by means of a motion for a new trial. It has been repeatedly held that where the unsuccessful party desires to have reviewed, by petition in error in this court, alleged errors occurring at the trial, he is required to assign the rulings complained of in a motion for a new trial. (See *Hosford v. Stone*, 6 Neb., 380; *Cruts v. Wray*, 19 Neb.,

581 ; *Gaughran v. Crosby*, 33 Neb., 33.) In the last named case it was held that the failure to file a motion for a new trial is not of itself sufficient reason for dismissing a petition in error. While we adhere to that rule we will not willingly apply it where the natural and only effect thereof will be to delay the disposition of a cause which from an inspection of the record we have seen to be without merit. It is apparent, from a careful examination of the record upon the consideration of the motion to dismiss, that the decree of the district court must be affirmed for the reasons stated. We have therefore regarded the cause as submitted upon its merits and the decree is

AFFIRMED.