ALFRED SHRIMPTON & SONS v. H. P. KING.

FILED MARCH 21, 1894. No. 5479.

Failure to Obtain Ruling Upon Motion for New Trial: REVIEW. This court will not review, upon petition in error, alleged errors occurring during the trial of a cause in the district court, unless a motion for a new trial was made in the trial court and a ruling obtained thereon. Following *Jones v. Hayes*, 36 Neb., 526.

ERROR from the district court of Saline county. Tried below before HASTINGS, J.

*George H. Terwilliger*, for plaintiffs in error.

*J. D. Pope, contra.*

RYAN, C.

The plaintiffs in error were plaintiffs in the district court, and by petition therein filed claimed against the defendant a judgment for $194.21, with interest and costs. The right to this judgment was predicated upon an alleged sale by the plaintiffs to the defendant of two great gross and one hundred and twenty-nine and two-thirds packages of pins. The defendant in his answer admitted that he ordered of the plaintiffs three gross papers of pins, for

which he agreed to pay at the rate charged in the petition, that is, three and seven-eighth cents per paper, and that the total amount due was, at the time of the answer filed, $16.74. The defendant, further answering, averred that before the action was brought he tendered to the plaintiffs in payment of said pins the sum of $16.83, which plaintiffs refused to receive, and defendant alleged that he has ever since been, and still is, ready to pay that amount to the plaintiffs, but that plaintiffs refused to receive the same; and the defendant averred that with his answer he brought into court said sum and tendered the same to the plaintiffs. For a reply to this answer the plaintiffs denied each and every allegation therein contained. It would seem doubtful upon this condition of the pleadings whether or not judgment should have been rendered for at least the amount tendered. In the absence of a reply denying that that amount was due and denying the tender of it, most certainly plaintiffs should have recovered judgment for the sum admitted to be due and tendered. By replying, however, the plaintiffs put in issue the alleged tender as well as the fact averred by the answer, that that amount was due. Upon a trial had to the court, a jury having been waived, judgment was rendered generally in favor of the defendant and plaintiffs' cause of action was dismissed. There was filed a motion for a new trial, but in respect to that motion no action seems to have been taken; at least the record fails to disclose whether or not it was ruled upon and whether or not any exceptions were taken to any ruling. In the case of *Jones v. Hayes*, 36 Neb., 526, NORVAL, J., used the following language: "We cannot review the proceedings, for the reason the record fails to disclose that a motion for a new trial was presented to the trial court and its ruling obtained thereon. While the transcript contains the copy of a motion for a new trial, it does not appear that the attention of the court below was ever called thereto. It has been frequently decided by

this court that in order to review the proceedings of a district court by a petition in error a motion for a new trial must be made in that court and a ruling obtained on the motion. (*Cropsey v. Wiggenhorn*, 3 Neb., 108; *Gibson v. Arnold*, 5 Neb., 186; *Lichty v. Clark*, 10 Neb., 472; *Smith v. Spaulding*, 34 Neb., 128.)" The language quoted would seem to be decisive of the sole question presented for our consideration, and the judgment of the district court is therefore

AFFIRMED.

POST, J., not sitting.