JOHN H. ERCK v. OMAHA NATIONAL BANK.

FILED FEBRUARY 5, 1895.  · No. 7111.

1. Error Proceedings: QUESTIONS NOT RAISED BY RECORD: AFFIRMANCE. Although the mere failure to file a motion for a new trial in the court below is not alone sufficient ground for

dismissing a petition in error, yet, where no such motion has been filed and no bill of exceptions has been settled and allowed, and it appears from an inspection of the record that the petition in error presents no question for review, on a motion to dismiss, the cause will be considered as submitted on the merits, and the judgment affirmed.

2. Review: EXCEPTION TO JUDGMENT. An exception to a final judgment is unnecessary to a review of the cause.

3. ———: PETITION IN ERROR. Alleged errors not assigned in the petition in error will be disregarded.

4. ———: ———: An assignment in the petition in error not relied upon in the briefs filed will be deemed waived.

5. Summons: AMOUNT OF JUDGMENT: WAIVER. The fact that a judgment exceeds the sum indorsed on the summons is unimportant where the defendant has appeared and answered to the merits.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J.

MOTION to dismiss proceeding in error. *Judgment below affirmed.*

*George O. Calder,* for the motion.

*Wharton & Baird, contra.*

NORVAL, C. J.

This action was instituted in the court below by the Omaha National Bank against John H. Erck, Christian Specht, and George E. Specht, to recover the amount alleged to be due upon a promissory note executed by the defendants. Upon the trial the plaintiff below had judgment for the sum of $172.66, and the defendant Erck prosecuted a petition in error to this court, alleging the following grounds for reversal of the judgment:

1. The court erred in admitting the evidence.

2. The judgment is not sustained by sufficient evidence, for that it should have been rendered against said plaintiff

in error, if rendered at all, as surety on said note, and not as principal.

3. The judgment is not supported by the pleadings.

4. The court erred in refusing to grant a continuance to plaintiff in error when the cause was reached for trial.

The defendant in error has filed a motion to dismiss the petition in error on the following grounds:

1. No motion for a new trial was filed in the district court.

2. No exception was taken to the judgment.

3. The alleged errors assigned in the petition in error occurred during the trial of the cause, and should have been called to the attention of the court below by a motion for a new trial.

4. The record discloses no error, and it is apparent that the cause was removed to this court for delay merely.

5. No bill of exceptions has been settled and allowed, although more than five months have elapsed since the rising of the court at the term at which the trial was had.

The case has been submitted upon said motion to dismiss. None of the alleged errors assigned in the petition in error for a reversal were called to the attention of the trial court by a motion for a new trial. In fact no such motion was filed in the case, or presented to the district court, nor has any bill of exceptions been settled and allowed, hence no review of any of the assignments in the petition in error, except the third, could be had. (*Hosford v. Stone*, 6 Neb., 380; *Cruts v. Wray*, 19 Neb., 581; *Cheney v. Wagner*, 30 Neb., 262; *Gaughran v. Crosby*, 33 Neb., 33; *Jones v. Hayes*, 36 Neb., 526; *Upton v. Cady*, 38 Neb., 209; *Shrimpton v. Kinn*, 39 Neb., 779.) It has been held, in at least three of the cases cited above, that the mere failure to file a motion for a new trial is not of itself sufficient ground for dismissing the petition in error; and so, too, error proceedings will not be dismissed alone because there is no bill of exceptions in the case. The

second point in the motion to dismiss is insufficient, for the reason no exception is necessary to a final judgment. (*Cheney v. Wagner, supra,* and cases there cited.)

It is obvious from an examination of the petition in error, record, and a brief filed by the plaintiff on the merits that the proceeding was instituted in this court solely for delay. The cause will be regarded submitted on the merits. (*Upton v. Cady, supra.*)

There being no motion for a new trial, or bill of exceptions, the only assignment which can be considered is the third, namely, the judgment is not supported by the pleadings. This point not being relied upon or discussed in the brief filed, must be deemed waived. (*Glaze v. Parcel,* 40 Neb., 732.)

But one question is argued in the brief, and that is, the judgment was rendered for a larger sum than was indorsed on the summons. This point is not raised by the petition in error or by the record. A copy of the summons is not before us. Besides, the plaintiff in error made a general appearance in the court below and filed an answer. Therefore, the fact, if it be a fact, that the judgment exceeded the indorsement on the summons is of no importance. It is only where a defendant fails to appear that judgment cannot be rendered against him for a larger sum than the amount indorsed on the summons. (Code, sec. 64; *Crowell v. Galloway,* 3 Neb., 215; *McKay v. Hinman,* 13 Neb., 33.) The judgment is

AFFIRMED.