W. A. SAUSSAY, CONSTABLE, ET AL. V. W. J. LEMP BREWING COMPANY.

FILED NOVEMBER 18, 1897.   No. 7568.

1. **Replevin:** DISMISSAL. "A plaintiff in an action of replevin, who had obtained possession of the property under the writ, cannot be permitted, without the consent of the defendant, to dismiss the action." (*Garber v. Palmer*, 47 Neb., 699.)

2. ——: ——. In an action of replevin where the property has not been taken under the writ, or if taken has been returned to the defendants by reason of the failure of the plaintiff to furnish the requisite bond, the action "may proceed as one for damages only." (Code, sec. 193.) It then is in the nature of a personal action, and the plaintiff may dismiss it as any other personal action.

3. **Procedure on Appeal from Justice of the Peace.** "When the proceedings of a justice of the peace are taken on error to the district court, * * * and the judgment of such justice shall be reversed or set aside, the court shall render judgment of reversal * * *; and the cause shall be retained by the court for trial and final judgment as in cases of appeal." (Code, sec. 601.)

ERROR from the district court of Douglas county. Tried below before DUFFIE, J.   *Reversed in part.*

*Charles Ogden* and *J. W. West,* for plaintiffs in error.

*Smith & Sheean, contra.*

HARRISON, J.

It appears from the record herein that on June 2, 1894, there was filed for the brewing company, with a justice

of the peace of Douglas county, an affidavit in replevin, in which it was asserted that the company was the owner of, and entitled to the immediate possession of, certain specifically described property unlawfully and wrongfully detained by W. A. Saussay, constable, one of the plaintiffs in error herein. The usual process was issued on the same day, returnable June 5, 1894, and delivered to a constable for service. On June 5 the cause was continued by consent of parties to June 11, 1894, and in the same manner to June 18, from the 18th to the 25th, and at 9 o'clock A. M. of the 25th to 2 o'clock P. M. of the same day; and then to July 2, 1894. On June 25 a motion was filed for the company that the case be dismissed at its costs, which was overruled. Of the proceedings on July 2, the following is the entry: "This cause coming on this day to be heard, plaintiff being represented by Smith & Sheean, and the defendants being represented by Charles Ogden, and after hearing the proofs, and the court being fully advised in the premises, does find in favor of the defendants. The court further finds that at the commencement of this suit the defendants were entitled to the possession of the property in controversy, and finds that the value of said property, being the interest of the defendants therein, was the sum of $190.66, together with interest from the 8th day of May, 1894, at the rate of 7 per cent per annum and increased costs, $1.10-100; and the court further finds that the damages of said defendants, by reason of the wrongful detention of the property, at $3.43, being the interest on said value to the date of the rendition of the judgment. Wherefore, it is considered and adjudged that the defendants have judgment for a return of the property, replevied herein, and in default of said return, that the said defendants have and recover from the said plaintiffs the sum of $195.19 and the costs herein expended, taxed at $————."

The case was removed to the district court of Douglas county by error proceedings, the following being the assignments in the petition in error:

"First—The court erred in failing and refusing to sustain plaintiff's motion to dismiss said cause at its costs.

"Second—The said justice erred in ordering the return of any property, for the reason that no property had been taken under the writ of replevin issued in said cause, and, therefore, the court had no jurisdiction of said property.

"Third—The court erred in ordering that in default of the return of any property that said defendants have and recover from said plaintiff the sum of $195.19, for the reason that said court was without jurisdiction to make such an order, no property having been taken under and by virtue of the writ of replevin issued in said cause, nor was any bond filed or any property turned over to this plaintiff by the officer to whom the writ of replevin was issued in said cause.

"Fourth—The court erred in entering a judgment for the return of any property or its value, for the reason there was no finding on the part of said court sufficient to sustain said judgment. The court in no manner having found that any property had been turned over to said plaintiff under and by virtue of the writ of replevin issued in said cause.

"Fifth—The court erred in entering a judgment against the plaintiff for the sum of $195.19 in default of the return of said property, for the reason there was no finding by said court sufficient to sustain such a judgment; the court in no manner having found that any property had been delivered to the plaintiff under and by virtue of the writ of replevin issued in said cause."

In the district court the judgment of the justice was reversed and the action dismissed, and the parties defendant in the justice court present the case here for review, alleging as error:

"1. That the judgment reversing said judgment of said justice is contrary to law and contrary to the facts which appear upon the face of the transcript whereupon said proceedings were had.

"2. That there was error in law in reversing said judg-

ment of the justice court, and that, apparent on the face of the transcript, said judgment of the justice should have been affirmed.

"3. That said district court erred in dismissing the suit and should have retained said cause to be tried on its merits as provided by the statute in such case made and provided.

"4. That the court erred in finding that there was error apparent upon the record in said proceedings of said justice.

"5. That said proceedings of said justice were valid and that the judgment rendered therein, in favor of plaintiffs in error and against said defendant in error, is a valid judgment and was obtained after the parties had appeared before the justice and fully submitted to the jurisdiction of said justice's court; that said judgment is binding and conclusive upon the parties thereto."

The record does not disclose that prior to the hearing of July 2, in the justice's court, there had been any service of the summons or writ of replevin; hence it did not appear that the property had been taken under the writ or delivered to the company. There had been no return of the process. There is a recitation in the transcript of a return of the writ which was of date July 21, 1894, long after the hearing, in which it is stated that the property was never taken under the writ for the reason that when found by the officer it was in the possession of the company, but this return not having been in the hands or within the knowledge of the justice at the time of the hearing must be ignored here and cannot be considered in the case for any purpose.

The record in this case does not show that the writ of replevin was ever served; that the property described therein was taken under the writ or delivered to the plaintiff in the action. It does disclose that the property never was taken under the writ, and that when the trial was had in the justice's court the writ had neither been served nor returned. This being true, was the plaintiff

in the suit entitled to have the case dismissed as asked in his motion for that purpose? This court has repeatedly said that "a plaintiff in an action of replevin, who has obtained possession of the property under the writ, cannot be permitted, without the consent of the defendant, to dismiss the action. When a plaintiff in replevin who has obtained the property fails in his proof or fails to prosecute the action, the defendant is entitled to judgment, and to a trial of his right of property or possession for the purpose of establishing his damages." (*Garber v. Palmer*, 47 Neb., 699; *Aultman v. Reams*, 9 Neb., 487; *Moore v. Herron*, 17 Neb., 697; *Ahlman v. Meyer*, 19 Neb., 63; *Vose v. Muller*, 48 Neb., 602.)

In the opinion in the case last cited it was stated: "Plaintiff insists that, after the filing of the dismissal, the court had no jurisdiction, and that defendant's sole remedy was to sue upon the bond. The right to dismiss is claimed under section 430 of the Civil Code, which provides: 'An action may be dismissed without prejudice to a future action: first, by the plaintiff, before the final submission of the case to the jury, or to the court, where the trial is by the court,' etc. Doubtless, as a general rule, a plaintiff has the right under said provision to dismiss his own case before it has been submitted on the merits. But this rule does not obtain in actions of replevin. In such suits, after the delivery of the property to the plaintiff under the writ, as was done in the case before us, he cannot dismiss and thereby defeat the defendant of his right to the possession of the property, without trial."

In all these cases the holding hinges on the conditions that the writ had been served, the property taken and delivered to the plaintiffs; and as was well said in *Garber v. Palmer*, *supra*, "It follows from the nature of this action, and from the feature of the plaintiff's securing the property before he has established his right, that he cannot by a dismissal of the action avoid the necessity of making the necessary proof. He cannot by his own

*ex parte* affidavit obtain property in the possession of another and then by dismissal leave the other party without an opportunity to defend his right and without a remedy. The proposition is so evident, the contrary so unjust, so absurd, and so preposterous, that neither argument nor authority should be necessary."

The main object of an action of replevin is to obtain possession of the property claimed and the trial of the right to such possession. Where the property is not seized under the writ, or if seized, and on failure of the plaintiff in the action to give a bond is returned to the defendant, the court from which the process issued has no jurisdiction over the property, no power to dispose of it. Under our Code the action "may proceed as one for damages only." (Code of Civil Procedure, sec. 193.) The action then becomes in effect a personal one, the property not having been taken by the officer or delivered to the plaintiff, or if taken, having been returned to the defendant because of the failure of the plaintiff to furnish bonds. The reason for the court retaining the suit and receiving proof of defendants' right to possession, in order that, if he establishes such right, the property may be adjudged to be returned to him, has failed; and, where the reason fails, the rule ceases to be operative. We must conclude that an action of replevin wherein the property in specie is no longer involved because of the existence of the conditions hereinbefore set forth, has no elements in it other and further than any other personal action which will bar the plaintiff of the right to a dismissal of his action at any proper time.

When the plaintiff in this action moved its dismissal in the justice's court the return day of the writ had passed. There had been no return. The officer had not taken the property under the process and the court had acquired no power or jurisdiction over it, and the action, if it proceeded, must have been one for damages only, and the plaintiff was entitled to dismiss it.

It is urged that when the district court reversed the

judgment of the justice of the peace it should have retained the case and set it down for trial agreeably to the provisions of section 601 of the Code of Civil Procedure, as follows: "When the proceedings of a justice of the peace are taken on error to the district court, in manner aforesaid, and the judgment of such justice shall be reversed or set aside, the court shall render judgment of reversal, and for the costs that have accrued up to that time, in favor of the plaintiff in error, and award execution therefor; and the cause shall be retained by the court for trial and final judgment as in cases of appeal." In the opinion in *Lichty v. Clark*, 10 Neb., 472, it was decided: "Where the judgment of a justice of the peace is reversed in the district court, the case stands for trial *de novo* in that court." We think there is no doubt under the provisions of the Code quoted above that the district court erred in dismissing this cause, after reversal of the judgment of the justice of the peace. It should have been retained for further proceedings and such disposition as might have been proper and right in its future course as a lawsuit. The judgment of the district court of reversal of the judgment of the justice of the peace is affirmed; the further judgment of dismissal of the action is reversed, and the cause is remanded for further proceedings.

JUDGMENT ACCORDINGLY.

NORVAL, J.

I concur in the foregoing opinion to the extent it holds that the justice of the peace erred in not permitting plaintiff to dismiss the action, since the record affirmatively discloses that the property was never taken by the constable under the writ, but, on the contrary, the plaintiff obtained possession of the goods independent of the process of replevin.