RICHARDSON & BOYNTON COMPANY V. PHIL E. WINTER.

FILED NOVEMBER 8, 1893.   No. 5045.

Review: INSTRUCTIONS: EXCEPTIONS: ASSIGNMENTS OF ERROR. To obtain a review by the supreme court of an alleged erroneous ruling of the district court in the giving or refusing of an instruction, an exception must be taken to such ruling at the trial, and specifically assigned as error here in the petition in error.

ERROR from the district court of Gage county. Tried below before APPELGET, J.

Burke & Prout and J. N. Rickards, for plaintiffs in error.

A. D. McCandless and Winter & Kauffman, contra.

RAGAN, C.

The Richardson & Boynton Company sued Phil E. Winter in the district court of Gage county on a promissory note for $100. Winter answered, and, after admitting the execution and delivery of the note, alleged that there had been an entire failure of consideration for said note, and that the defendant had received no value whatever for the same; that prior to the giving of 'said note the plaintiffs had placed a certain hot-air furnace in the defendant's residence on trial, to be accepted and paid for by the defendant only in case it should heat defendant's residence in a manner to meet plaintiffs' guaranty and defendant's requirements after a thorough test in the coldest weather; that said furnace utterly failed to do the work guarantied and the defendant rejected the same and refused to purchase it, and placed it at the disposal of the plaintiffs; that the plaintiffs thereupon acknowledged the complete failure of the furnace, as set and constructed, to meet their guaranty, but represented to this defendant that such failure was owing to certain deficiencies in the furnishings and its defective and improper connections, and faulty constructions of the building of the air-boxes, chambers, and dampers; and said plaintiffs then promised, agreed, and contracted with the defendant that if he would give them the said note * * * they would, within and during the thirty days for which it was drawn, supply all deficiencies fully, remedy all defects, correctly establish all connections, and thoroughly reconstruct the entire setting of said furnace so that it could and would heat all the seven rooms in defendant's residence at the same time, in the coldest weather, in a manner satisfactory to the defendant; time being of the essence of the contract, and the time limited to the time of defendant's note, to-wit, thirty days; and defendant avers that this promise and agreement by the plaintiffs formed and was the sole inducement upon which he gave

Richardson & Boynton Co. v. Winter.

the note in question; * * * and defendant avers that plaintiffs did not, within said thirty days, nor at any time, fulfill their said agreement, and did not, in any particular, reconstruct * * * said furnace, and defendant has never since made, and cannot make, any use of said furnace; * * . * and defendant avers that to properly reconstruct said furnace would cost him the full amount of said note; that by plaintiffs' false and fraudulent representations as to the value and heating condition of said furnace, defendant was led to incur heavy expense, and to greatly damage his residence by apertures in the walls, floors, and partitions; and by reason of plaintiffs' failure to perform their said contract and to make good the said heating apparatus, the defendant had been damaged in a large sum, to-wit, more than one hundred dollars.

There was a reply denying all the allegations of new matter in the answer. The case was tried to a jury, who found for Winter, and the Richardson & Boynton Company prosecute error.

One error alleged is that the verdict is not supported by the evidence. We think it is. We shall not quote the evidence. It is, of course, more or less conflicting, but abundantly supports the jury's findings. It is now a settled rule of this court that it will not disturb the verdict of a jury if there is competent evidence to support it; nor will this court weigh the conflicting testimony of witnesses. We cannot say that the verdict is clearly wrong, and therefore cannot disturb it on the ground that it is unsupported by the evidence.

Another error alleged is the giving, by the trial court, of an instruction. The giving of this instruction, however, is not assigned as error in the petition in error, and for that reason we cannot examine it.

At the request of plaintiffs in error the court instructed the jury as follows: "The court instructs the jury that although you may find from a preponderance of the evi-

dence in this case that the furnace in question was sold by the plaintiffs, and that said furnace was improperly set, and that the registers and other fixtures and appurtenances belonging to said furnace were improperly arranged and located, and that consequently defendant's house was damaged and not heated, still the jury cannot, under the law, allow the defendant any damages in their verdict because of such defects in the setting, arrangements, and locating of said furnace; provided the jury believe that said furnace, registers, fixtures, and appurtenances were placed where defendant requested them to be placed." To this instruction the court added, "and that such failure was caused by the order of defendant." The addition made by the court is another error assigned here. It is sufficient to say that there was no error in this modification of the instruction.

Complaint is made because of the refusal of the court to give this instruction: "The jury are instructed that if they believe from the evidence that the witness Ham was in the employ of the witness Labell, and that as such employe he ordered the furnace which was afterwards put in the house of the defendant with knowledge of the said Labell, that said furnace was shipped and billed to said Labell and accepted, and the freight thereon paid by him, you are instructed that such acts on the part of the said Labell are a ratification of the purchase of said Ham, and such ordering and purchasing was, in law, the acts of said Labell as much as though he had ordered the same in person." The contention, or one contention of the plaintiffs in error, at the trial below, was that they sold the furnace to one Labell, and not to Winter; that one Ham was in Labell's employ, and gave plaintiffs in error the order for the furnace for Labell. Plaintiffs in error had no pleading on file under which they could prove any such facts, but the evidence was allowed to go in. If this was a suit by the Richardson & Boynton Company against Labell for the price of the furnace, the instruction might have been

proper, but certainly it was not error on the part of the court to decline giving it in this case.

Again, the court fully instructed the jury as to plaintiffs in error's contention that they sold the furnace to Labell, as follows: "The court instructs the jury that if they find from the evidence that the furnace in question was sold by the plaintiffs to one Labell, and that the note in question was received by the plaintiffs in payment of said furnace, then the jury must find a verdict for the plaintiffs for the full amount of the note, interest and principal, unless the jury further find from a clear preponderance of the evidence that said plaintiffs agreed to change said furnace as alleged in defendant's answer, and that such agreement was the consideration for said note, and also that the plaintiffs failed to make the agreed changes in said furnace."

The last error assigned is the refusal of the court to charge the jury as follows: "The court instructs the jury that if you believe from the evidence that the defendant has sworn positively that at the time the note in question was delivered, the witness McPherson represented to the defendant that the plaintiffs would reset, reconstruct, and make alterations in the furnace and heating arrangements placed in defendant's house, and furnish repairs therefor, within thirty days, and before the maturity of said note, as alleged in this answer, and that the witness McPherson has sworn just as positively that he did not make such representations to the defendant, and if you further find from the consideration of all the evidence in the case that the testimony of the witness McPherson is entitled to as much credit as that of the defendant, and corroborated to the same extent, then, so far as the question of said representation is concerned, you should find for the plaintiffs, as the burden of proving said representation is on the defendant." Such an instruction as this should never be given to a jury, and the court was entirely right in refusing to give it. The court, at the request of plaintiffs in error, had

already charged the jury as follows: "The court instructs the jury that in determining the issues in this case you should take into consideration the whole of the evidence and all the facts and circumstances proved on the trial, giving the several parts of the evidence such weight as you think they are entitled to; and, in determining the weight to be given to the several witnesses, you should take into consideration their interest in the event of the suit, if any such is proved, their conduct and demeanor while testifying, their apparent fairness or bias, if any such appears, their appearance on the stand, the reasonableness of the story told by them, and all the evidence and circumstances tending to corroborate such witness, if any such are proved." This instruction correctly and fairly stated the rule and was all plaintiffs in error were entitled to on the subject of the credibility of the witnesses, and the weight of the evidence.

There is no error in the record and the judgment of the district court is

AFFIRMED.