A. P. S. STUART V. BANK OF STAPLEHURST.

FILED FEBRUARY 9, 1899. No. 8611.

1. **Removal of Causes**: JURISDICTION. In an action in a state court, wherein a removal to a United States court is sought under the provisions of section 2 of the act of congress of March 3, 1887, as corrected in 1888 (see 25 U. S. Statutes at Large, p. 434, ch. 866), and it appears from the face of the record that the suit is not a removable one, the application does not deprive the state court of its jurisdiction.

2. ———: ———: PROCEEDINGS PENDING DETERMINATION. The better practice in such a case is, upon a proper application in the state court for removal to the federal court, for the state court to suspend proceedings in the suit and await the action of the federal tribunal on a motion to remand, but its action during the interim may be of force and valid. ·

3. **National Banks**: DIRECTORS: FALSE REPORTS. Directors of a national bank, who, in simulated performance of the duties prescribed by the law applicable to such an institution relative to the preparation and publications of advertisements, statements, and reports, knowingly make and publish false statements and reports of the financial condition of the bank with intent to deceive, and such matters are believed and acted upon by parties to their damage, are liable for the damages in an action for the deceit.

4. ———: ———: ———: CUMULATIVE REMEDIES. The liabilities which are fixed in the national banking law for violation of its provisions are not exclusive and do not preclude the action for deceit.

5. ———: ———: ———. ·The petition in the case at bar *held* to state a cause of action for deceit and not for relief under the national banking law, and to present no federal question for adjudication.

6. ———: ———: PERSONS AFFECTED. The statements and reports which are required and are made to the comptroller and published in the newspapers.have among their purposes that of conveyance of information to those persons, each or all, who con-

template dealings with the bank in which its financial condition enters as a vital matter.

7. **Parties:** JOINDER: TORT. A petition in an action for a tort which joins several parties as defendants, if it states a joint act and relative to a tort which may from its nature be joint or committed by persons in combination, is not open to attack by demurrer on the ground of misjoinder of parties defendant.

8. **Review:** ASSIGNMENTS OF ERROR. Questions of which there is no assignment in the petition in error will not be considered on review.

ERROR from the district court of Seward county. Tried below before BATES, J. *Affirmed.*

*C. C. Flansburg,* for plaintiff in error:

It was the duty of the state court, upon the filing of the petition and bond, to proceed no further in the cause. (*Stevens v. Phœnix Ins. Co.,* 41 N. Y. 149; *Shaft v. Phœnix Mutual Life Ins. Co.,* 67 N. Y. 544; *State v. Coosaw Mining Co.,* 45 Fed. Rep. 804; *Torrent v. Martin Lumber Co.,* 37 Fed. Rep. 727; *Clark v. Chicago, M. & S. P. R. Co.,* 11 Fed. Rep. 355; *Sweet v. Chicago, M. & S. P. R. Co.,* 11 Fed. Rep. 355; *Hatch v. Chicago, R. I. & P. R. Co.,* 6 Blatch. [U. S.] 105.)

The question of jurisdiction belongs to the federal court and must be determined there exclusively (*Cobb v. Globe Mutual Life Ins. Co.,* 5 Fed. Cas. 2, 921; *Fisk v. Union P. R. Co.,* 8 Blatch. [U. S.] 243); and the fact that other than federal questions may arise in the course of the litigation cannot withdraw the question from the jurisdiction of the federal court. (*Tennessee v. Davis,* 100 U. S. 294; *Mackaye v. Mallory,* 6 Fed. Rep. 751; *Osborne v. Bank of United States,* 9 Wheat. [U. S.] 738; *Butterfield v. Home Ins. Co.,* 14 Minn. 310; *Gordon v. Longest,* 16 Pet. [U. S.] 97; *Kanouse v. Martin,* 15 How. [U. S.] 198; *French v. Hay,* 22 Wall. [U. S.] 250; *Gaines v. Fuentes,* 92 U. S. 10; *New Orleans, M. & C. R. Co. v. Mississippi,* 102 U. S. 135; *Baltimore & O. R. Co. v. Koontz,* 104 U. S. 14; *Wilson v. Western Union Telegraph Co.,* 34 Fed. Rep. 562; *Marshall v. Holmes,* 141 U. S. 589; *Removal Cases,* 100 U. S. 472;

Stuart v. Bank of Staplehurst.

*Morey v. Lockhart,* 123 U. S. 56; *Wilkinson v. Nebraska,* 123 U. S. 286; *Sherman v. Grinnell,* 223 U. S. 679; *Bressler v. Wayne County,* 25 Neb. 468; *Fitzgerald v. Fitzgerald & Mallory Construction Co.,* 41 Neb. 374; *Freeman v. Howe,* 24 How. [U. S.] 451.)

As to what is a federal question see: *Leather Manufacturers Bank v. Cooper,* 120 U. S. 778; *Carson v. Dunham,* 121 U. S. 421; *St. Paul, M. & M. R. Co. v. St. Paul & N. P. R. Co.,* 68 Fed. Rep. 13; *Cohens v. Virginia,* 6 Wheat. [U. S.] 357; *Van Allen v. Atchison, C. & P. R. Co.,* 3 Fed. Rep. 547.

As to what the federal question involved see: *National Exchange Bank v. Peters,* 44 Fed. Rep. 13; *Pollard v. Bailey,* 20 Wall. [U. S.] 520; *Fourth Nat. Bank v. Francklyn,* 120 U. S. 747; *Ripley v. Sampson,* 10 Pick. [Mass.] 370; *Stone v. Wiggin,* 5 Met. [Mass.] 316; *Gray v. Coffin,* 9 Cush. [Mass.] 192; *Cole v. City of Muscatine,* 14 Ia. 296.

A petition in the nature of a common-law action of deceit for damages on the ground of false representations is insufficient unless it shows the representations were made to the person complaining. (*Smithers v. Calvert,* 44 Ind. 242.)

When parties severally liable for distinct torts are joined as defendants in a single action it is good ground of demurrer. (*Franklin Fire Ins. Co. v. Jenkins,* 3 Wend. [N. Y.] 130; Pomeroy, Remedies & Remedial Rights secs. 308, 309.)

*George W. Lowley, Pound & Burr, Roscoe Pound,* and *Biggs & Thomas, contra:*

Assignments of error not discussed in the brief are waived. (3 Ency. Pl. & Pr. 717; *Wood Mowing & Reaping Machine Co. v. Gerholt,* 47 Neb. 397; *City of Kearney v. Smith,* 47 Neb. 408; *Glaze v. Parcel,* 40 Neb. 732; *Erck v. Omaha Nat. Bank,* 43 Neb. 613.)

Question not raised by proper assignments of error will be disregarded. (3 Ency. Pl. & Pr. 717; *Post v. Olmsted,* 47 Neb. 893.)

The district court had jurisdiction and the case was not removable. *(Tennessee v. Union & Planters Bank,* 152 U. S. 454; *Cherokee Nation v. Georgia,* 5 Pet. [U. S.] 69; *Gold-Washing & Water Co. v. Keyes,* 96 U. S. 201.)

The proceedings of a state court, after a petition and bond for a removal which is refused by the state court, depend upon the fact whether the cause is in fact removable or not. *(Stone v. South Carolina,* 117 U. S. 430; *Carson v. Hyatt,* 118 U. S. 279; *Burlington, C. R. & N. R. Co. v. Dunn,* 122 U. S. 513; *Crehore v. Ohio & M. R. Co.,* 131 U. S. 240; *Missouri P. R. Co. v. Fitzgerald,* 160 U. S. 556.)

A published false statement of the condition of a bank is actionable though not addressed to the individual defrauded. *(Salmon v. Richardson,* 30 Conn. 360; *Bartholomew v. Bentley,* 15 O. 659; *Scale v. Baker,* 70 Tex. 283; *Morgan v. Skiddy,* 62 N. Y. 319; *Huntington v. Attrill,* 118 N. Y. 365; *Solomon v. Bates,* 118 N. Car. 311; *Caldwell v. Bates,* 118 N. Car. 323; *Tate v. Bates,* 118 N. Car. 287; *Edgington v. Fitzmaurice,* 29 L. R. Ch. Div. [Eng.] 459; *Peck v. Gurney,* 8 Moak [Eng.] 2; *Westervelt v. Demarest,* 46 N. J. Law 37.)

HARRISON, C. J.

The defendant in error instituted this action in the district court of Seward county and alleged for cause that the plaintiff in error and parties who were co-defendants were at the times of the occurrences upon which the suit was predicated, directors of a national bank, in the business which its name indicates, in the city of Lincoln, and at various stated times made and published, or caused them to be published, in newspapers of general circulation in said city, and in the state of Nebraska, certain false statements of fact of and concerning the bank of which they were directors, and its matters of business, and which related to its solvency and reliability; that such statements were made and published with a knowledge of their falsity and with an intent to mislead and deceive the public and the defendant in error, and that

the statements accomplished or served the purpose for which they were intended; that the defendant in error was thereby induced to deposit money to a large amount, stated in the petition, in the said bank, which was lost by reason of the insolvency and failure of the said bank. The commencement of the action was of date February 25, 1895. On March 29, 1895, the plaintiff in error and his co-defendants filed an application or petition for the removal of the cause to the United States circuit court for the district of Nebraska. Said petition was accompanied by the requisite bond. On April 1, 1895, there was filed in the state court for the plaintiff in error and each of his co-defendants a demurrer to the petition. These were on April 5, 1895, overruled and the application for removal was denied.

There appears in the record the following, as setting forth what was done in the cause in the federal court:

"And on the 14th day of October, 1895, the following order was made:

" 'This cause having been heard on the motion of the plaintiff to remand the same to the state district court in and for Seward county, Nebraska, from whence it came, Messrs. Pound & Burr and Biggs & Thomas appeared for the plaintiff and Deweese & Hall, C. O. Whedon, and C. C. Flansburg for the defendants, whereupon, after careful consideration thereof, and being fully advised in the premises, it is now on this day considered, ordered, and adjudged by the court that said motion be, and the same is hereby, overruled, to which ruling and order by the court said plaintiff by his attorneys then and there duly excepted.'

"And on the 8th day of May, 1896, the following further order was made in said cause, i. e:

" 'This cause coming on for hearing on the motion of the plaintiff to remand the same to the state district court in and for Seward county, Nebraska, from whence it came, was argued and submitted to the court by attorneys for the respective parties, whereupon, after care-

ful consideration thereof, and being fully advised in the premises, it is now on this day ordered and adjudged by the court that said motion be, and the same is hereby, sustained, and said cause is remanded to the said district court in and for Seward county, Nebraska, from whence it came.'"

May 6, 1895, answers were filed in the state court for all parties sued except the plaintiff in error. July 9, 1895, and during the pendency of a term of the state court, a judgment by default was rendered therein against the plaintiff in error, and the case is presented for him to this court by error proceeding. The petition in error is as follows:

"1. The petition does not state facts sufficient to constitute a cause of action against this plaintiff and in favor of the defendant in error.

"2. The court had no jurisdiction to render said judgment.

"3. The court erred in overruling the demurrer of this plaintiff to said petition.

"4. The court erred in exercising jurisdiction of said cause after the same was removed to the circuit court of the United States within and for the district of Nebraska.

"5. The court erred in rendering a judgment by default against plaintiff in error while said cause was pending on removal proceedings in the circuit court of the United States.

"6. The court erred in assuming to determine whether said cause was properly removed under the acts of congress and assuming to withdraw said action from the proper circuit court of the United States."

It is first argued for plaintiff in error that as the jurisdiction of the state court in the cause ceased as soon as the application for removal was filed, it could not further proceed therein, and its subsequent acts were void. In section 2 of the act of March 3, 1887, as corrected in 1888 (see 25 U. S. Statutes at Large, p. 434, ch. 866), amenda-

tory of the act of 1875, it is provided: "That any suit of civil nature, at law or in equity, arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the circuit courts of the United States are given original jurisdiction by the preceding section, which may now be pending or which may hereafter be brought in any state court, may be removed by the defendant or defendants therein to the circuit court of the United States for the proper district." The act further provides that the application shall be by petition, accompanied by a bond and the time when it shall be filed, and when it has been done, "it shall then be the duty of the state court to accept said petition and bond and proceed no further in such suit." (25 U. S. Statutes at Large, p. 435, ch. 866, sec. 3.) If the case is a removable one, and the petition and bond are filed, the state court should, as stated in the portion of the statute we have quoted, proceed no further in the suit. It has no jurisdiction to do so, and it is probably better, in all cases where the petition for removal accompanied by the bond has been presented, especially if the right of removal is questionable or doubtful, to await in the state court the action of the United States court on the point of the removability of the suit. An examination of the authorities discloses much confusion and conflict on the subject now under discussion, but it may be said that if the cause for removal exists and is disclosed by the record, if the application is made, if the proper papers are filed, the jurisdiction of the state court ceases without and despite any choice or act on its part. It may also be stated that if the cause is in fact not a removable one, and that it is not appears on the face of the record, or is disclosed by the papers, the case is not removed, and the state court does not lose, but retains, its jurisdiction, and action therein, even during the time a transcript is on file in the United States court, may be good and ultimately prevail.

We have no doubt that in all cases the better course

is to suspend proceedings in the state court until the court of removal has acted on the matter on a motion to remand, but, as we have just stated, there may be cases wherein the records disclose their non-removable character, and in any such the state court retains jurisdiction, notwithstanding the removal proceedings. (Dillon, Removal of Causes [5th ed.] sec. 143; *Tennessee v. Union & Planters Bank*, 152 U. S. 454; *Walker v. Collins*, 167 U. S. 57; *Chappell v. Waterworth*, 155 U. S. 102; *Blair v. West Point Mfg. Co.*, 7 Neb. 146, and cases cited; *Gold-Washing & Water Co. v. Keyes*, 96 U. S. 199; *Burlington, C. R. & N. R. Co. v. Dunn*, 122 U. S. 513; *Stone v. South Carolina*, 117 U. S. 430; *Carson v. Hyatt*, 118 U. S. 279.) An examination of the petition herein convinces us that it did not declare on any cause of action conferred by statute or United States law. It was not to enforce a liability arising solely by reason of the violation of any provision of the national banking law. There was in the petition a direct statement of an action for false representations, or more properly and generally stated, for deceit. Some of the acts declared upon may have been violations of the national banking act, but they were not relied upon as such, nor was a remedy sought under said act. The petition for removal did not in its statements of facts present any stronger reason or cause for removal than was disclosed by the original petition in the action. There were some conclusions averred in it, but these did not strengthen it beyond its statements of facts. The acts which constitute the basis for an action similar to the one at bar may be within or without the duties of officers or directors of a national bank, and they may be violative or not of the duties of the parties sued, as directors of a national bank, and the acts may furnish cause for a common-law action of deceit (*Prescott v. Haughey*, 65 Fed. Rep. 653; *Gerner v. Thompson*, 74 Fed. Rep. 125; *Merchants Nat. Bank v. Thoms*, 28 W. L. B. [O.] 164; *Bartholomew v. Bentley*, 15 O. 660; Morawetz, Private Corporations sec. 573); and any action which might accrue by reason of

the same acts under the national banking law would not be exclusive of another action and would not exclude the one of deceit. (*Prescott v. Haughey, supra.*) It seems clear that the record disclosed on its face that the case was not one which could be removed and that the state court did not lose its jurisdiction.

Another point of argument is that in an action of deceit it must appear that the representations alleged in the complaint were made directly to the complainant. We do not think this is tenable. The representations, if made for the whole or any of the public, if seen and relied and acted upon by any person, and damages result, the right of action arises. (*Merchants Nat. Bank v. Thoms, supra; Prewitt v. Trimble,* 92 Ky. 176; *Tate v. Bates,* 118 N. Car. 287, 24 S. E. Rep. 482; *Graves v. Lebanon Nat. Bank,* 10 Bush [Ky.] 23; *Scale v. Baker,* 70 Tex. 283, 7 S. W. Rep. 742; *Peek v. Gurney,* 8 Moak [Eng.] 2; *Westervelt v. Demarest,* 46 N. J. Law 37, 50 Am. Rep. 400.)

It is also contended that the petition was defective in its joinder of the parties defendant in an action of deceit. The petition charged joint actions of the defendants, and the acts were such as might be done in combination; hence it was not open to attack by demurrer for an improper joinder of parties. (Pomeroy, Remedies & Remedial Rights secs. 281, 307; *Stiles v. White,* 11 Met. [Mass.] 356; *White v. Sawyer,* 16 Gray [Mass.] 586; *Consolidated Ice Machine Co. v. Keifer,* 134 Ill. 481; *Wisconsin C. R. Co. v. Ross,* 142 Ill. 9; *City of Chicago v. Babcock,* 143 Ill. 358.) This disposes of all the questions argued which were raised by the assignments in the petition in error. There was another point presented, but it was not assigned for error in the petition, hence need not be considered. (*Post v. Olmsted,* 47 Neb. 893.) It follows that the judgment of the district court will be

AFFIRMED.