LAWRENCE VIX v. FRANK E. WHYMAN.

FILED MARCH 8, 1899.    No. 8797.

1. **Review: ASSIGNMENTS OF ERROR.** Alleged error in the admission of evidence of which there is no assignment in the petition in error will not be examined.

2. **Sales:** Action by Purchaser to Recover Overpayment: Verdict for Plaintiff. Evidence *held* sufficient to sustain the verdict.

3. **Allegations and Proof:** Variance: Review. A variance between the allegations of the petition and the proof on an immaterial point does not furnish cause for reversal of a judgment.

Error from the district court of Lancaster county. Tried below before Hall, J.   *Affirmed.*

*John P. Maule,* for plaintiff in error.

*A. E. Howard* and *J. C. McNerney, contra.*

Harrison, C. J.

This action was instituted by the defendant in error to recover an amount which he claimed he had overpaid the plaintiff in error in the purchase from the latter of some hogs.   The overpayment, it was alleged, was made by reason of a mistake in the computation of the weight of the hogs at the time they were delivered to defendant in error.   The answer was a general denial.   The result of a trial was a judgment for defendant in error, the reversal of which is sought in an error proceeding to this court.

It is argued that there was an erroneous admission of evidence during the trial.   Of this subject there will be no examination, since in regard to it there is no assignment of error.   (*Grand Island & W. C. R. Co. v. Swinbank,* 51 Neb. 521.)

Of the argument that the verdict was not supported by the evidence it must be said that an examination of the evidence reveals a sufficiency thereof to fully sustain the verdict, and it follows that it will not be disturbed. (*Ashland Land & Live Stock Co. v. May,* 51 Neb. 474.)

The petition declared upon a payment based upon a mistake in the aggregate of the weights of a "couple of loads of hogs."   The evidence disclosed that the hogs were hauled to the station in three wagons and the weights were of the three loads and not of a "couple" (or

two) as stated in the petition. It is urged that the evidence in relation to the three loads does not tend to establisu the allegations of the petition, which, as we before set forth, were with reference to a "couple of loads." The evidence of both parties was in regard to a sale of sixteen hogs, the weight, and a mistake therein which, it was asserted for defendant in error, resulted in the overpayment. That the hogs were hauled in two or three wagons, or that there were any particular number of loads, was not a material point of the litigated issues; hence that the petition was in terms of a "couple of loads" and the evidence showed three could not affect the final decision of the rights of the parties. The judgment must be

AFFIRMED.