[S. F. Nos. 7758–7777. In Bank.—November 4, 1918.]

## [A. S. MACDONALD, Appellant, v. GEORGE ROETH et al., Respondents.

## A. S. MACDONALD, Respondent, v. GEORGE ROETH et al., Appellants.

DECEIT—WHAT CONSTITUTES—SUPPRESSION.—Deceit may be negative as well as affirmative. It may consist in the suppression of that which it is one's duty to declare as well as by the declaration of that which is false.

ID.—ACTION FOR DECEIT—SALE OF BANK STOCK—MISREPRESENTATION AS TO VALUE.—Where officers of a bank represented to plaintiff that stock of the bank when plaintiff bought it was worth a certain amount per share and that the report of the bank's condition made to the controller on a certain date was a true statement of the bank's condition, and the published summary of this report was handed to plaintiff by defendants in front of the bank when they were endeavoring to induce him to invest in its stock, but the evidence showed that the report so handed to plaintiff was not the full report made to the controller, but only a published summary thereof showing the amounts at which loans, discounts, bonds, securities, etc., were carried on the bank's books, but did not disclose the bad debts, or suspended or overdue paper, which it was not required to do, plaintiff being told by defendants when the published summary alone was shown him that it showed the real condition of the bank at the date of the report, and that the bank's condition had not been changed since that report had been presented, and that this summary was the only report that the defendants had of the bank, while they actually had at the time in the bank a copy of the entire report made to the controller and another report, also an estimate of the value of the bank's assets, which latter report and estimate showed that the published summary did not indicate the bank's real condition, if defendants did not believe, and could not have believed, that the report contained a true statement of the bank's financial condition, their failure to disclose this fact to the plaintiff in handing him the report forms the foundation for an action for deceit.

ID.—MEASURE OF DAMAGES—TRANSACTION DIRECTLY WITH DEFENDANTS. In such a case, in the transaction directly with the defendants for the purchase by plaintiff of a certain number of shares of stock of the bank, plaintiff is entitled to recover in damages the difference between what the stock was actually worth and that which it would have been worth if the defendant's representations had been true.

ID.—TRANSACTION NOT DIRECTLY WITH OFFICERS.—Under the National Bank Act, directors or other officers of a national bank who join in the making of reports to the controller of the currency as to the financial condition of the bank, by preparing or attesting the same, are liable for any material falsity which they may contain to persons, among others, who, in reliance upon such reports, are induced to purchase stock of the bank; but in an action for damages for deceit in the purchase of such stock, in a transaction in which such directors or officers had no direct connection, and in which the evidence does not show that whatever false representations were made by them to the plaintiff were made with any direct intent to induce the purchase by plaintiff of stock, the measure of plaintiff's damages is the difference between the actual value of the stock and the amount actually paid by him therefor in reliance upon the representations found to be false.

CROSS-APPEALS from a judgment of the Superior Court of Alameda County. J. O. Moncur, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court and in *Macdonald* v. *De Fremery et al.*, 168 Cal. 189, [142 Pac. 73].

A. S. Macdonald, Pillsbury, Madison & Sutro, and A. D. Plaw, for Plaintiff.

Fitzgerald, Abbott & Beardsley, and W. F. Williamson, for Defendants George Roeth et al.

RICHARDS J., *pro tem.*—The case out of which these two appeals arose was before this court upon a previous trial and appeal (*Macdonald* v. *De Fremery et al.*, 168 Cal. 189, [142 Pac. 73].) The judgment of the court upon the first trial of the cause was therein reversed, whereupon the cause was retried and a judgment rendered in favor of the plaintiff, from which these two appeals were taken to this court; and the cause having been transferred to the district court of appeal, both appeals were therein heard together and a decision rendered wherein the judgment, in so far as it was assailed by the defendants upon their appeal, was affirmed, while as to the appeal prosecuted by the plaintiff the judgment was reversed and the cause remanded to the trial court, with directions to enter judgment in plaintiff's favor for a much larger sum than the trial court had awarded him.

Upon the defendants' petition for a rehearing the cause was transferred to this court for decision.   The facts of the case, in so far as they were developed at the first trial thereof, are fully and correctly set forth in our decision upon the former appeal (*Macdonald* v. *De Fremery et al., supra*) and need not be restated here; and the law relating to the state of facts as therein set forth was also fully and correctly stated in that decision and hence does not require restatement upon these appeals.   This court reversed the judgment of the trial court involved in that appeal on account of the incompleteness, evasiveness and contradictoriness of some of the material findings as well as the absence of other material findings. The findings thus criticised as found wanting upon the first trial of the cause had special reference to the nature of the deceit and of the false statements and representations alleged to have been made use of by the defendants to induce the plaintiff's purchase of the stock of the bank in question. After certain amendments to the pleadings suggested by the terms of that decision the cause was retried, at which trial the facts educed at the former trial were again presented and there was also introduced evidence of certain further facts bearing upon the alleged deceit and false statements and representations which, according to the plaintiff's averments, had induced the purchase by him from the defendants of fifty-four shares of the stock of said bank and the further purchase by him of fifty shares of a new issue of the stock thereof, and which also induced the purchase by him of 270 shares of such stock from one Perine, for all of which stock he was alleged to have paid the par value of one hundred dollars per share.   The trial court upon these proofs made findings in the plaintiff's favor upon the issue of deceit and of the reliance of the plaintiff upon the false statements of the defendants as to the true condition of the affairs of the bank and value of its stock in respect to his purchases of stock as to both the 104 shares thereof acquired directly from or through the defendants, and for which he paid in money and property the par value of one hundred dollars per share, and also as to the transaction whereby the plaintiff acquired 270 shares of such stock from Perine.   As to the latter transaction the court found that the plaintiff had given in exchange for the said Perine stock certain real and personal property upon which at the time of such transfer he had placed a

valuation of twenty-seven thousand dollars, the equivalent of the par value of said stock, but which property the court found to have had at said time an actual value of but eighteen thousand dollars. The court further found that the actual value of the stock of said bank at the time of both of the foregoing transactions was thirty-five dollars per share. Based upon these findings of fact the court rendered its judgment wherein it awarded the plaintiff damages as a result of the first of the foregoing transactions in the sum of $6,760, which would be the difference between what the 104 shares of the stock of said bank was actually worth at the time thereof and what the plaintiff actually paid for that stock; and which would also represent the difference between the actual value of said stock and the value which said stock would have had if the statements and representations of the defendants as to the value of said stock had been true. As to the transaction of the plaintiff in respect to the Perine stock the trial court by its judgment awarded the plaintiff damages in the sum of $8,985, which amount represented the difference between the sum of $9,450, the actual value of the Perine stock, and the sum of $18,435, which the court had found the properties which had been given by said plaintiff to said Perine for said stock to have been actually worth. These two amounts of damage aggregated the sum of $15,745, for which judgment was given by the trial court. From this judgment these two appeals have been taken to this court, one by the defendants, urging that certain material findings of the trial court, chiefly relating to the element of the defendants' deceit, were unsupported by the evidence and hence that the judgment should be reversed; and one by the plaintiff, insisting that the judgment, while correct in so far as it was founded upon the sufficiency of the evidence, and findings showing deceit, was for an insufficient sum in respect to the plaintiff's damages suffered thereby, and that in that respect the amount of damages awarded by the trial court should be increased upon appeal. These appeals having been transferred to the district court of appeal of the first district for hearing and decision, that tribunal affirmed the judgment upon the defendant's appeal, but upon the plaintiff's appeal determined that he was entitled to have the amount of his judgment for damages increased from $15,745 to $24,310, and so concluding returned the case to the trial

court with instructions to increase the amount of the judgment accordingly. In its decision the district court of appeal sustained the plaintiff's contention as to the sufficiency of the plaintiff's evidence as supporting the findings and judgment showing deceit. With that portion of its decision which deals with that phase of these appeals this court is in accord, and it hereby adopts that portion of the decision of the said court touching that subject, which reads as follows:

"Two material findings—both challenged as unsupported by the evidence—are the basis of the judgment in favor of plaintiff from which this appeal is prosecuted. They are that defendants represented to plaintiff that the stock of the bank when the plaintiff bought it was worth one hundred dollars per share, and that the report of the bank's condition made to the 'Controller on May 14, 1908,' was a true statement of the bank's condition. The published summary of this report was handed to the plaintiff by the defendants in front of the bank when they were endeavoring to induce him to invest in its stock. It transpired at this trial—as it apparently did not at the first trial—that the report so handed to plaintiff was not the full report made to the controller, but only a published summary thereof. This summary showed the amounts at which loans, discounts, bonds, securities, etc., were carried on the bank's books, but did not disclose the bad debts or suspended and overdue paper, nor was the summary required to do so. The report was made on the blanks furnished by the controller; and if the whole report had been shown Macdonald he would have found listed therein bad debts and suspended and overdue paper amounting to $194,663.12. When the published summary alone was shown him he was told that it showed the real condition of the bank at the date of the report, and that the bank's condition had not been changed since that report had been presented. He was also told that this summary was the only report that the defendants had of the bank. They actually had at the time in the bank a copy of the entire report made to the controller and the Knight report referred to in the supreme court's opinion, and also Gray's estimate of the value of the bank's assets. The Knight report and this estimate showed that the published summary did not indicate the bank's real condition.'

"In this state of the case the appellants contend that they practiced no deceit upon Macdonald by so showing him the summary of this report, because the summary under the law was not required to show anything except the value of the bank's assets as carried on the books of the bank.

"With this contention, under the facts of this case, we are unable to agree. The trial court was justified in finding that when the summary was presented to Macdonald with the statement that it was the only report of the condition of the bank which the defendants had, he was justified in believing that the fragmentary summary, although strictly legal so far as its publication was concerned, was a statement of the real condition of the bank and not a statement of the showing made by its books. They knew perfectly that this summary did not represent the real financial condition of this bank; and they also knew that Macdonald understood them to represent that the actual value of the bank's stock was one hundred dollars a share, and that the actual value of its assets was that shown by the summary. 'The reliance which the plaintiff was entitled to place upon this report, then, was a reliance that the report was a true statement of the bank's financial condition, and not a mere transcript of the condition of the bank as shown upon its books.' This statement of the supreme court in the reported case is still applicable to this case, even in view of the additional facts developed at the second trial, as is also the following statement: 'Deceit may be negative as well as affirmative. It may consist in the suppression of that which it is one's duty to declare as well as by the declaration of that which is false. If it be so, that defendants did not believe and could not have believed that the report contained a true statement of the bank's financial condition, their failure to disclose this fact to the plaintiff in handing him the report forms the foundation for an action for deceit under the principle above stated. (Civ. Code, sec. 1710.)'

"It seems to us that this statement applies with greater force in view of the fact that had the entire report, which was a few feet away in the bank, been shown Macdonald instead of the published summary the actual financial condition of the institution would have been disclosed to him, or he would at least have been placed upon notice as to its actual financial condition.

"We are satisfied that the evidence sustains the finding as to the misrepresentation by the defendants to the plaintiff of the true condition of the bank; and also as to the fact that they represented the stock to be worth one hundred dollars a share when it was worth only about thirty-five dollars per share.

"As to the question whether the latter representation was one of fact or opinion, we think that point settled by the supreme court in its opinion referred to."

The point of departure between the views of this court and those of the district court of appeal expressed in that portion of its opinion which is not above quoted is as to the proper rule for the admeasurement of the plaintiff's damages to be applied to each of the two transactions out of which the plaintiff's right to damages arose. As to the transaction directly with the defendants for the purchase by plaintiff of the fifty-four shares of their stock in said bank and also as to the acquisition by him of 50 additional shares of the new issue of stock therein, it is not necessary to draw the distinction which is drawn in the case of *Hines* v. *Brode*, 168 Cal. 507, [143 Pac. 729], between the rule of damages in this class of cases which has been adopted in this state and that which obtains in the federal courts and in certain other state jurisdictions, for whichever rule was adopted as applicable to that branch of this case the result would be the same, since under either rule the plaintiff would be entitled to a recovery in damages of the difference between what the stock was actually worth and that which it would have been worth if the defendants' representations had been true, since the value which the defendants represented said stock to have and the amount which he paid for it were identical. In the case of *Hines* v. *Brode, supra,* this court took pains to state that the rule of damages in actions founded upon deceit which had been theretofore adopted in this state, and by which a wronged plaintiff would be entitled to recover the difference between the actual value of the purchased property and its value had the property been as represented and that the measure of such recovery was not affected by the price actually paid, "is the extreme rule and one that should only be applied in clear cases and upon just terms." As to the first transaction, therefore, upon which the plaintiff predicates his right of recovery, viz., the transaction directly

with the defendants for the purchase from or through them
of the fifty-four shares of their stock and of the fifty shares
of the new issue of the stock of said bank, we are of the
opinion that, measured by either rule of damages, the judg-
ment of the trial court was correct in affixing the sum of
$6,760 as the proper amount of the plaintiff's recovery on
account of that transaction.

With respect to the transaction involving the purchase by
the plaintiff of the Perine stock, the district court of appeal
undertook to apply also to that transaction the rule of dam-
ages reiterated in the case of *Hines* v. *Brode, supra,* and in
the earlier cases from which it was taken. In so doing we
think the district court of appeal was in error, and that
its action in so doing had the effect of extending said rule
beyond the limits to which, as above shown, it was expressly
meant to be confined. In the case of *Hines* v. *Brode, supra,*
and in certain of the earlier cases referred to therein, the
action involved the immediate transaction between the par-
ties with direct inducement to which the false statements
and representations were made, and the court in such cases
held that the plaintiff was entitled to the benefit of his bar-
gain, and hence should recover the difference between what
the purchased property was actually worth and what it
would have been worth had the false representations as to
its value been true, regardless of the price paid. But in the
case at bar and with respect to the purchase by plaintiff of
the Perine stock, the state of facts which would have justified
the application of this rule of damages did not exist. The
transaction for the purchase of the Perine stock was not one
to which the defendants directly or indirectly were parties.
They had no knowledge nor any connection as parties with
the plaintiff's transaction with Perine, nor does the evidence
anywhere disclose, nor do the findings of the court show,
that whatever false representations were made by them to
the plaintiff were made with any direct intent to induce the
purchase by the plaintiff of the Perine stock. As to these de-
fendants, therefore, in respect to this particular transaction,
he had no bargain to the benefit of which he was entitled.
It is true that in respect to the reports which, under section
5211 of the National Bank Act, are to be made periodically
by national banks to the controller of the currency, it has
been held that such reports as to the financial condition of

such banks are not made solely for the information of the controller or of the stockholders and depositors of the bank, but are intended also to afford public information to all persons having or contemplating business transactions into which the condition of the bank enters as a material fact (*Macdonald* v. *De, Fremery,* 168 Cal. 189, [142 Pac. 73]; *Stuart* v. *Staplehurst,* 57 Neb. 569, [78 N. W. 298]; *Gerner* v. *Yates,* 61 Neb. 100, [84 N. W. 596]; *Hindman* v. *First Nat. Bank,* 112 Fed. 931, [57 L. R. A. 108, 50 C. C. A. 623]), and consistent with this holding it has been further held that the directors or other officers of such banks who join in the making of reports of this character by preparing or attesting the same, are liable for any material falsity which they may contain to persons who, in reliance upon such reports, are induced to deposit funds in the bank (*Jones Nat. Bank* v. *Yates,* 240 U. S. 541, [60 L. Ed. 788, 36 Sup. Ct. Rep. 429]); or who purchase its stock (*Gerner* v. *Mosher,* 58 Neb. 135, [46 L. R. A. 244, 78 N. W. 384]); or who lend money upon such stock as security (*Merchants Nat. Bank* v. *Thoms,* 11 Ohio Dec. (Rep.) 632). In all of the foregoing cases, however, and in many others in which damages arising out of the falsity of the statements contained in such official reports to the controller of currency were sought, both the federal and the state courts elsewhere have uniformly held that the rule of damages to be applied to this class of cases is one by which the measure of the plaintiff's damage is the difference between the actual value of the stock and the amount actually paid by him therefor in reliance upon the representation found to be false. In a transaction such as that involved in this phase of the instant case, viz., the purchase by plaintiff of the Perine stock, we are of the opinion that the rule of damages last above stated is the proper and just rule to be applied to that transaction rather than the more extreme rule adopted in *Hines* v. *Brode, supra,* as applicable to the facts of that particular case. The trial court applied the correct rule to each of the transactions out of which the plaintiff's claim of damages arose and thereby, reached the proper amount which the plaintiff as to each cause of action was entitled to recover.

As to both appeals, therefore, the judgment is affirmed.

Sloss, J., Wilbur, J., Melvin, J., and Angellotti, C. J., concurred.