EBERHARD HARTMAN, APPELLEE, v. LUISE C. HARTMANN ET AL., APPELLANTS.

35 N. W. 2d 482

Filed December 29, 1948. No. 32492.

H. A. Bryant and Charles H. Slama, for appellants.

E. S. Schiefelbein and Joseph L. Pallat, for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This action as originally instituted was by Eberhard Hartman, plaintiff, against Luise C. Hartmann and unknown persons having or claiming an interest in 200 described acres of land in Saunders County, Nebraska, and the land itself, as defendants. The object and purpose of the action was to set aside a deed which purported to convey title to the land from Eberhard Hartman to Luise C. Hartmann and to also set aside a contract between the two named parties relating thereto.

The petition charged in substance that on or about September 21, 1943, appellee was induced by fraud to execute a deed of conveyance to the land in question to appellant and also to enter into a contemporaneous contract relating to the use of the land during appellee's life and burdens against it after his death, the details of which need not be set out herein. The fraud was denied.

The case was tried to the court and the relief prayed was granted by decree of the district court. A motion for new trial was filed by Luise C. Hartmann and duly overruled.

From the decree and the order overruling the motion for new trial Luise C. Hartmann has appealed. She is appellant and Eberhard Hartman is appellee.

In what manner the appellant challenges the decree or the order overruling the motion for new trial is not made clear by the brief. It is devoid of notation of assignment or assignments of error. Also disregarding formality, there is nothing so specifically challenging to any point or proposition as to permit this court to regard it as an assignment of error.

The statute controlling such situations is as follows: "The Supreme Court shall by general rule provide for the filing of briefs in all causes appealed to said court. The brief of appellant shall set out particularly each error asserted and intended to be urged for the reversal, vacation or modification of the judgment, decree or final

order alleged to be erroneous; but no petition in error or other assignment of errors shall be required beyond or in addition to the foregoing requirement. The Supreme Court, may, however, at its option, consider a plain error not specified in appellant's brief." § 25-1919, R. S. 1943.

The rule promulgated pursuant to this provision is the following: "Assignments of error relied upon for reversal and intended to be urged in the brief shall be separately numbered and paragraphed, bearing in mind that consideration of the cause will be limited to errors assigned and discussed. However, the court may, at its option, notice a plain error not assigned." Revised Rules of the Supreme Court, Rule 8 a2 (4).

This court, without regard to any statute or promulgated rule of court, in the early cases wherein it was confronted with the question, held to the proposition that errors not assigned would not be considered on review. Richardson & Boynton Co. v. Winter, 38 Neb. 288, 56 N. W. 886; Haverly v. Elliott, 39 Neb. 201, 57 N. W. 1010; Erck v. Omaha Nat. Bank, 43 Neb. 613, 62 N. W. 67; Stuart v. Bank of Staplehurst, 57 Neb. 569, 78 N. W. 298; Vix v. Whyman, 58 Neb. 190, 78 N. W. 497.

Since the enactment of the statute in question this court without regard to any rule of court held as follows: "If appellant's brief fails to set out particularly errors asserted and intended to be urged for a reversal, vacation or modification of the judgment, final order or decree alleged to be erroneous, such alleged errors will not be reviewed on appeal." Packard v. De Voe, 94 Neb. 740, 144 N. W. 813.

In the case of Gorton v. Goodman, 107 Neb. 671, 187 N. W. 45, the court had for consideration a case wherein there were no assignments of error. At that time there had been promulgated a rule containing a provision for assignment of error similar to the provision of the present rule. In disposing of the question and of the case the court said: "There is no assignment of errors, and

no attempt is made to comply with the statute or with the rule of the court, and the judgment is, therefore, AFFIRMED."

In Exchange Elevator Co. v. Marshall, 147 Neb. 48, 22 N. W. 2d 403, wherein the rule of court now in force was considered, it was said: "Under our rules consideration of the cause is limited to errors assigned and discussed, save where we, at our option, note a plain error not assigned."

It appears therefore that under the statute and the rule of this court the decree of the district court should be affirmed for want of assignment of error unless from examination of the record and briefs there is plain error which if regarded would necessitate a reversal and if disregarded would impose unjust results or consequences.

Plain error is not apparent from an examination of the record. The argument in the brief, fairly analyzed, is devoted to the weight of evidence and credibility of witnesses. It cannot be said that the testimony on behalf of appellee was plainly incredible or that his evidence was plainly insufficient to sustain his cause of action.

The decree of the district court is affirmed.

AFFIRMED.