SAM OKUDA, APPELLANT, V. GEORGE F. HAMPTON, APPELLEE.

50 N. W. 2d 108

Filed November 30, 1951. No. 33041.

*Lee Card,* for appellant.

*Charles A. Fisher,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

Plaintiff brought this action in replevin to recover the possession of certain specific items of restaurant equipment and provisions. The writ was issued, and the specific items, with one exception, were taken by the sheriff and appraised. The plaintiff failed to give the undertaking required by law and the property was delivered to the defendant. A special appearance was made by defendant, sustained by the trial court, and later overruled. The plaintiff later filed an amended petition claiming damages for loss of use of the property and loss of time. Defendant filed a general denial. The action was tried to a jury as one for damages and resulted in a verdict for the defendant. Judgment of dismissal with prejudice was rendered. Plaintiff filed motions for judgment notwithstanding the verdict and

for a new trial. These motions were overruled. Plaintiff appeals. We affirm the judgment of the trial court.

Plaintiff's evidence is that he was in possession of part of a building owned by the defendant and was operating a restaurant there. There is evidence that plaintiff was to pay gas, light, water, and other bills, and render janitor service in lieu of rent. Plaintiff testified that on February 16, 1949, defendant entered the building, claimed ownership of the "property," demanded the key and that plaintiff get out, and that under compulsion he complied. This action was started March 5, 1949. Plaintiff's evidence contains little, if any, identification of the property in the building with that described in his pleadings. We find no evidence of the value of any of the property alleged to have been taken. There is little or no evidence of damages otherwise.

Defendant's evidence is that several days or weeks before February 16, 1949, plaintiff allowed the water system to freeze, causing material damage; that plaintiff had not paid the gas or water bills; that further credit was denied; that plaintiff was unable to pay his bills and voluntarily closed his business; and that thereafter he voluntarily surrendered the key to defendant, told defendant that he was "broke," and did not care what happened to the property in the building. Defendant's evidence further was that a substantially large part of the property left in the building and claimed in replevin had been sold to plaintiff on conditional sales contracts; that the vendors demanded it; and that defendant bought it of them and paid for it.

Section 25-1919, R. R. S. 1943, provides: "The Supreme Court shall by general rule provide for the filing of briefs in all causes appealed to said court. The brief of appellant shall set out particularly each error asserted and intended to be urged for the reversal, vacation or modification of the judgment, decree or final order alleged to be erroneous; but no petition in error or

other assignment of errors shall be required beyond or in addition to the foregoing requirement. The Supreme Court, may, however, at its option, consider a plain error not specified in appellant's brief."

Rule 8 a 2 (4) of this court provides: "Assignments of error relied upon for reversal and intended to be urged in the brief shall be separately numbered and paragraphed, bearing in mind that consideration of the cause will be limited to errors assigned and discussed. However, the court may, at its option, notice a plain error not assigned."

We have held: "Under section 25-1919, R. S. 1943, and Revised Rules of the Supreme Court, Rule 8 a 2 (4), consideration of the cause on appeal is limited to errors assigned and discussed, except that the court may, at its option, note a plain error not assigned." Hartman v. Hartmann, 150 Neb. 565, 35 N. W. 2d 482.

Plaintiff has separately numbered and paragraphed 15 assignments of error here. In his argument plaintiff makes no mention of these assignments of error. He states that one instruction given is contrary to law. It is not mentioned in his assignments of error. In his reply brief plaintiff undertakes to discuss alleged errors in several, and in one instance in all, instructions. Without determining his right to raise these matters in a reply brief, his difficulty again is that the giving of those instructions is not within the assignments of error with one exception. In assigned error No. 7, plaintiff's reference to instruction No. 2 is a patent error.

Plain error is not apparent from an examination of the record.

The judgment of the trial court is affirmed.

AFFIRMED.