EDWARD SCHAFFER, APPELLEE, V. STRAUSS BROTHERS,
APPELLANTS.

83 N. W. 2d 543

Filed June 7, 1957. No. 34144.

*Healey, Davies, Wilson & Barlow* and *Robert E. Johnson, Jr.,* for appellants.

*Albert S. Johnston,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action on an oral contract seeking to recover a balance alleged to be due the plaintiff for services as a foreman rendered the defendants, who were large-scale residence builders. Issues were made. Trial was had to the court. Plaintiff recovered a judgment. Defendants appeal.

We affirm the judgment of the trial court.

Plaintiff alleged that on or about September 1, 1951, he entered into a contract with defendants whereby he was employed as a foreman by defendants and that defendants agreed to pay him wages on the then current basis and, in addition thereto, defendants agreed to

pay the plaintiff the sum of $20 "referred to as a bonus," for the completion of the cement work on each residential unit constructed by defendants. He alleged the performance of his contract on 287 residential units; that he had been paid the $20 per unit for 216 units; and that he had not been paid for the remaining 71 units. He prayed judgment for $1,420, together with interest, costs, and attorney's fees.

The defendants demurred to the petition for the reason that it did not state a cause of action. The demurrer was overruled.

Defendants answered and admitted a contract of employment and expressly denied the allegation as to the $20 per unit payment. They admitted the completion of 287 residential units on or before July 1, 1953. They alleged that the contract of employment called for the payment of $20 per completed unit payable on or about Christmas time "to the then employed foremen who faithfully performed their duties throughout the year." They alleged a payment to plaintiff of $1,400 on July 11, 1953, which was an advance on the amount "of bonus" to be due at Christmas of 1953. They further alleged that prior to Christmas of 1953, plaintiff wrongfully abandoned his employment to their damage in the sum of $3,359.42.

They prayed for a denial of plaintiff's petition and for judgment of $1,400 and $3,359.42.

At the opening of the trial the defendants abandoned their claim for damages for the breach of the contract.

The trial court found for the plaintiff on his cause of action, denied recovery of the $1,400 on defendants' cross-petition, and denied attorney's fees to the plaintiff.

Defendants do not here assign error in the denial of their cross-petition. Nor does plaintiff assign error by cross-appeal as to the denial of attorney's fees in the trial court, although he asks for an allowance of attorney's fees in this court.

Defendants' assignments of error are:

"1. The Court erred in failing to sustain the demurrer of defendant to the petition of the plaintiff.

"2. The Court erred in failing to sustain the demurrer of defendant to the plaintiff's evidence.

"3. The decree of the Trial Court is contrary to the evidence.

"4. The Court erred in sustaining plaintiff's objection to testimony by one of the parties to the agreement as to the general understanding of the terms of the contract."

The established rule is: "Under section 25-1919, R. S. 1943, and Revised Rules of the Supreme Court, Rule 8 a2(4), consideration of the cause on appeal is limited to errors assigned and discussed, except that the court may, at its option, note a plain error not assigned." Hartman v. Hartmann, 150 Neb. 565, 35 N. W. 2d 482. See, also, Okuda v. Hampton, 154 Neb. 886, 50 N. W. 2d 108; Trute v. Skeede, 162 Neb. 266, 75 N. W. 2d 672.

Defendants in their brief here do not discuss directly any of their assignments of error. They state three propositions of law which reduced down consist of the contention that a promise to pay a bonus must be based on a sufficient consideration; that such an agreement must have a definite time for payment or it is void for lack of consideration; and that to be enforceable nothing must be left open to future negotiations.

Defendants argue their propositions of law, making incidental reference to the pleadings and the evidence.

The question presented in the fourth assignment of error is not mentioned in the argument. No further attention will be given to it here.

The argument does not set out any basis for the contention that the petition failed to state a cause of action and hence was subject to demurrer for that reason. We see no reason for searching for possible defects that are not patent and not pointed out.

At the close of plaintiff's case-in-chief, defendants demurred to the evidence for failure of proof of the alle-

gations of the petition or a cause of action. The motion was overruled. Defendants then offered evidence. The defendants assign error for failure to sustain the demurrer to the evidence. The motion was equivalent to a motion for judgment for defendants.

The applicable rule is that in a law action where plaintiff offers evidence and rests and defendant moves for judgment in his favor and, the motion being overruled, defendant proceeds with the trial and introduces evidence in support of the defenses set up in his answer, he thereby waives the right to assign error in the ruling upon the motion. Bradstreet v. Grand Island Banking Co., 89 Neb. 590, 131 N. W. 956; Russell v. Electric Garage Co., 90 Neb. 719, 134 N. W. 253. The alleged error assigned is not sustained.

This brings us to the assignment that the judgment of the trial court is contrary to the evidence.

The evidence fully supports a finding as follows: Sometime in 1949 plaintiff went to work for the defendants at the agreed compensation of $2 per hour. About March 1, 1951, the compensation base was changed to a weekly wage of $88 a week and in addition $20 for each house completed to be paid to each foreman, including the plaintiff. A series of 118 houses was constructed under that compensation base, and payments were made of the weekly wage and the added compensation. Although the added compensation was referred to in the pleadings and the evidence as a bonus, it is patent that it was an integral part of the contract compensation.

About March 1, 1952, the weekly wage element of the compensation was changed to $100 a week. The $20 element remained unchanged. While that agreement was in full force and effect, a series of 287 units was completed. Plaintiff was paid his weekly wage and $20 for 216 units. He was not paid for the remaining 71 units.

In July 1953 defendants put a new wage scale into effect whereby its foremen, including plaintiff, were to be paid $125 a week and a share of the profits. Plaintiff

worked under that agreement until October 1953, when he quit his employment. Defendants were not pleased by his sudden termination of the employment and refused to pay the $20 per unit on the 71 houses completed prior to July 1, 1953.

Plaintiff's evidence is that the $20 was payable when each unit was completed. Defendants' answer admits that the 287 units were completed on or before July 1, 1953.

A defendant testified that the oral contract was that the foremen were to be paid $20 per unit at Christmas time provided they had done their work efficiently and in cooperation with the others. No complaint is made on that score.

Defendants' records, however, show that the foremen, including plaintiff, were paid part or all of the $20 per unit on request from time to time throughout the year.

This action was not commenced until March 1955, so that in any event the plaintiff's payment claimed was due and payable when this action was brought. A defendant, in explaining his refusal to pay the amount claimed, said that payment was refused because plaintiff had not shown "due consideration" for the job and that it was a part of the "intent" of the plan to have the job run smoothly through the year and "not quit in the middle of any job."

Obviously that "intent" was not expressed in the contract terms but is an afterthought. Just as obviously plaintiff did not quit in the middle of any job he was doing under the wage contract here involved.

The judgment of the trial court is amply sustained by the evidence.

Plaintiff claims an attorney's fee should be allowed here under the provisions of section 25-1801, R. S. Supp., 1955. He claims he pleaded 71 causes of action in the amount of $20 each. Obviously he did not. The request is denied.

AFFIRMED.