IN RE GUARDIANSHIP OF EMMA A. FEENAN.
THE UNITED STATES NATIONAL BANK ET AL., APPELLEES, v. EMMA A. FEENAN, APPELLANT.

156 N. W. 2d 29

Filed January 26, 1968. No. 36629.

Roy M. Harrop, for appellant.

Wincel C. Nelson, Jr., and Richard J. Spethman, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

On appeal by appellant Roy Harrop, the district court affirmed a county court judgment appointing guardians for Emma A. Feenan, incompetent. This judgment became final, and on subsequent motion, under section 30-1603, R. R. S. 1943, costs and attorneys' fees were taxed to appellant for taking an appeal vexatiously or for delay. Appellant's brief in this court contains no assignment of errors. Under Rule 8a2(3) of the Revised Rules of the Supreme Court, 1967, and section 25-1919, R. R. S. 1943, this generally requires affirmance. Smallcomb v. Smallcomb, 165 Neb. 191, 84 N. W. 2d 217; Hartman v. Hartman, 150 Neb. 565, 35 N. W. 2d 482.

No plain error, of which we may take notice, is present. The record conclusively supports the finding that the appeal was vexatious and for delay. Not only was appellant given ample notice of all original county court and appeal proceedings, but he made no appearance or introduced no evidence in the trial on appeal, and in a successive, lengthy series of motions, both prior and subsequent to the district court judgment, sought to set aside the orders of the court and the orders of the court refusing to set aside its previous orders. In an attempt to further delay proceedings, he filed a habeas corpus proceeding in the United States District Court, which is

still pending. The record justifies a conclusion that appellant, although a lawyer, resisted several efforts to take his testimony in the appeal proceedings, even to the extent of holding off the sheriff with a revolver when he was attempting to serve a warrant. There is much other evidence, unnecessary to repeat here.

Apparently the appellant objects to the appointment of special guardians without notice, during the pendency of the appeal proceedings, but the statute specifically authorizes such appointments to conserve the property of an incompetent during the pending of appeal proceedings. § 38-201.01, R. R. S. 1943.

The courts should be open, but process may not be abused to defeat the legitimate ends of litigation. The record reveals an exhaustive forbearance and restraint by the district judge. The appellant should be taxed the costs of an unwarranted taxing of the patience of the court and the parties involved.

The judgment of the district court is affirmed.

AFFIRMED.